## SUPREME COURT.

### GRAHAM agt. GOLDING AND OTHERS.

Where the necessity of examining a long account, depends upon the decision of another issue in the action, as whether a partnership existed, a reference will not be ordered until that issue has been first tried.

*New York Special Term, September* 1852. The action was against a judgment debtor, and against other persons who were said to be, in fact, his partners, but pretending to be his employers, and the plaintiff claims an account of the debtor's share in the supposed partnership. The partnership was denied by the defendants. The plaintiff asked for a reference on the ground that the examination of a long account would be necessary.

Trotter agt. Latson.

MITCHELL, Justice.—It is admitted that no account will be necessary if the plaintiff fails to prove a partnership. The issue substantially is, whether there is a partnership or not; and then if the plaintiff succeeds, the accounting would follow to ascertain the *amount* which he is entititled to recover. Thus the accounting is like an inquiry to assess damages, and until it is known that there is a partnership, it can not be said in this case that the trial of the issue of fact will require the examination of a long account. In one case, that has occurred in this court, the previous dealings of the parties and their contract was such, that the question whether there was a partnership or not could only be ascertained by first going into the accounts—the plaintiff being entitled to be a partner on his bringing into the business a certain amount of capital, and he insisting that he had done so, and that the books would show it—there the reference was ordered. But here the question of partnership or not, does not turn on any such peculiar circumstances. The general rule, therefore must prevail, that the question of partnership be first settled by an issue, or by the court, before a reference can be ordered by the court. Motion for reference denied, without costs.