Hawkins *v.* Avery.

[NEW YORK GENERAL TERM, September 17, 1860. *Sutherland, Allen* and *Bonney*, Justices.]

---

## HAWKINS *vs.* AVERY, impleaded &c.

A defendant, on a trial before a referee, cannot urge, as an objection to proceeding to trial, that other persons who are necessary parties defendants have not been served with process.

That objection relates solely to the regularity of the reference, and makes no part of the trial, and is not therefore the subject of an exception.

If the action is not in readiness for trial it is not referable; and the objection should be taken on the motion to refer.

Such an objection is, in substance, for the want of parties; and that objection must be taken by answer or demurrer.

A power of attorney authorizing the attorney to arbitrate, purchase, sell, dispose of, compromise or otherwise settle, any claim or claims against a vessel, her freight and cargo, for salvage services rendered to such vessel and cargo, will not authorize the attorney, after realizing the salvage claim, to make a disposal of the proceeds among those interested, in such manner and proportion as he sees fit, and to allow such charges against the fund as he pleases.

The authority given by such an instrument is to enable the attorney to deal with the owners or claimants of the vessel and her freight and cargo, and to recover, for the benefit of all, a proper compensation for salvage services. When the fund is received, the agency ceases.

Where the saving vessel is put at risk it is right that its owners should receive a portion of the salvage proportionate to the risk. But where one of the salvors is the owner of a boat which is used only as a means to enable the salvors to reach the derelict vessel, he is fully compensated by receiving the value of his boat. He is not entitled to a share of the net salvage, as the owner of such boat.

THE plaintiff brought this action to recover of the defendant Avery his share or proportion of a sum of money received by him for salvage of the bark Delegate. The other salvors were made parties defendants, but were not served with process. It was found that the plaintiff and defendants were salvors of the bark named, and that the defendant Avery received for himself and the other parties, as and for salvage, the sum of sixteen hundred dollars, and that the expenses properly chargeable to the fund, including a proper allowance agreed upon by the parties for the services of Avery, were eight hundred and forty-two dollars and fifty-nine cents. There were six salvors, and on going to the bark which, when descried, was adrift on Long Island Sound, abandoned by the crew, they made use of a whale boat worth about thirty-five dollars, owned by Hart and Wilson, two of the salvors and defendants in the action. Upon the coming together of the parties for a settlement, the owners of the whale boat claimed for it an equal seventh part of the net salvage. The whale boat was stove after the parties had, by its means, boarded the bark, and while it was being towed behind the bark into port. The plaintiff refused to allow such claim, and forbade the payment of the same by the defendants, and claimed and demanded one equal sixth part of the net salvage, which the defendant refused to pay. The defendant afterwards settled with the other salvors, and paid the owners of the whale boat their claim, and tendered to the plaintiff one seventh of the salvage moneys, but the money was not brought into court, and it was tendered in full satisfaction of the claim. The cause was tried by a sole referee, who reported in favor of the plaintiff, and that the boat was not entitled to the share of one man, but that the owners were entitled to be paid its fair value at the time of its loss; that such value should be included with the other expenses, making, with this addition, eight hundred and seventy-seven dollars and seventy-five cents; that the plaintiff was entitled to recover one sixth of

Hawkins *v.* Avery.

the remainder, for which with interest judgment was given. And from that judgment the defendant Avery appealed.

*C. C. Egan,* for the appellant.

*R. H. Huntly,* for the respondents.

*By the Court,* ALLEN, J. If Avery had not settled with and paid the other defendants and taken from them an acquittance, they would have been proper parties to the action. But the payment and discharge alleged in the complaint and admitted by the answer, dispensed with the necessity of bringing them into court by the service of process, as their rights could not be affected by any judgment to be given. The claim of the plaintiff was upon Avery, who had received the money to the plaintiff's use, and if he had paid it to his co-defendants he had done so in his own wrong, and with full notice of the plaintiff's rights. It was not the case of a joint liability or indebtedness. Avery alone was liable, and as the other parties, having released their claim, had no interest in the amount which should be adjudged to the plaintiff, they were properly omitted as defendants, and the action carried on against the defendant Avery. (*Code,* § 136.) But a perfect answer to the objection taken by the defendant to proceeding to trial before the referee until the other parties were served with process, is that the objection related solely to the regularity of the reference, and made no part of the trial, and is not therefore the subject of an exception. If the action was not in readiness for trial it was not referable. (*Code,* §§ 270, 271.) And the objection should have been taken on the motion to refer. The court then adjudged, if the parties did not concede, that the cause was at issue and in a condition to be tried, and the referee, who was only charged with the trial of the issues, could not overrule the action and decision of the court under whose appointment he acted.

Another answer is, that the objection is in substance for

the want of parties, and this must be taken by answer or demurrer. (*Code*, §§ 144, 147, 148.) Most of the points urged by the defendant's counsel are not based upon any proper exception taken upon the trial, or to the final report of the referee. It was not objected upon the trial that the defendant was not in default before suit brought. But had the objection been taken, the defendant's own evidence would have furnished the answer, showing, as it did, that he pointedly refused to recognize the claim of the plaintiff to any amount beyond the one seventh, and that he refused to pay that sum except on condition that it should be received in full satisfaction.

The motion for a nonsuit was urged upon the vague ground, " that the complaint was not sustained by the proof." The defect in the proof was not pointed out to the referee, or to the court upon the argument of this appeal. The complaint alleged, in substance, that a sum of money had been received by the defendant to and for the use of the plaintiff and certain others, and that all the persons entitled had received their share or proportion, except the plaintiff, and that the defendant refused to pay the amount due to the plaintiff, and the proof substantially conformed to the allegations of the complaint. Another point urged upon the appeal, which was not taken before the referee, or passed upon by him, is that the defendant Avery, under a power given to him by the other parties in interest, " to libel, arbitrate, purchase, sell, dispose of, compromise or otherwise settle, any and all claim or claims, in law or equity, against the bark Delegate, her freight and cargo, for salvage services rendered to said vessel and cargo," had authority, after realizing the salvage claim, to make a disposal of the proceeds among those interested, in such manner and proportion as he saw fit, and to allow such charges against the fund as he pleased. The bare statement of the proposition shows its absurdity. The authority was to enable the attorney to deal with the owners or claimants of the said vessel and her freight and

cargo, and recover for the benefit of all a proper compensation for salvage services. When the fund was received the agency ceased; and in no case could an agency created to facilitate dealings, with third persons operate upon the rights and dealings of principal and agent. So the agency of a partner or tenant in common of a fund, so far as any agency exists, only relates to dealings with third persons. The rights of the partners or tenants in common, as between themselves, are not affected by any agency implied from the relation they bear to each other. The settlement of the claim for the whale boat by allowing to two of the salvors, its owners, a sum equal to that received by an individual salvor was not authorized by the letter of attorney, or by any implied agency resulting from the relation of the parties. That five of six partners can, against the remonstrance of the sixth, divide the partnership funds among themselves and their sixth partner in such proportion as they please, under any pretext, cannot be tolerated. It would be a novel application of the doctrine of implied agency.

The referee, under objection by the defendant, admitted evidence of the purchase of the boat by Wilson and Hart, and the circumstances of the purchase. The evidence was objected to as immaterial. It was not immaterial, in view of the claim which was made and which had been consented to by the defendant in behalf of Wilson and Hart claiming to own it. The title to the boat was in issue as the foundation of the claim. If the value of the boat was to be allowed, then the price paid for it just before might aid the referee in arriving at its value. The evidence could not work an injury to the defendant. Upon this objection an argument was based, not founded upon any distinct objection taken upon the reference, that the state court had no jurisdiction to determine or apportion salvage. As a maritime demand *in rem* it may be conceded that state courts cannot enforce a claim for salvage against a vessel or cargo; and whether they have jurisdiction in an action *in personam* to ascertain and determine the

rights of salvors, as against persons liable for salvage, need not be determined. That courts of common law may have jurisdiction in respect to salvage, and may even determine the validity of a lien for salvage, and the extent of such lien, is beyond a question. (*Baker* v. *Hoag*, 3 *Seld.* 555. *Cashmere* v. *De Wolf*, 2 *Sand. S. C. Rep*. 379.) In the case last cited, a suit was entertained to recover property claimed to be held for a salvage lien. *Sturgis* v. *Law*, (3 *id.* 451,) recognizes the same principle.

But this was an action for money had and received, and it mattered not from what source or upon what consideration the money was received. The action was necessarily a common law action, and admiralty had no jurisdiction in the premises.

There was no foundation in principle or upon authority for the claim of Wilson and Hart to be allowed beyond the value of the boat which was lost, and that amount was allowed by the referee. Salvage, when distributed and apportioned by a court of admiralty by which it is adjusted and allowed, is distributed among the owners, officers and crew of the saving ship, in the discretion of the court and according to the circumstances of each case. (*Mason* v. *The Blaireau*, 2 *Mason*, 240. *Clayton* v. *The Harmony*, 1 *Peters' Adm.* 70. *Bell* v. *The Sloop Ann*, 2 *id.* 279.) Where the saving vessel is put at risk, it is right that its owners should receive a portion of the salvage proportionate to the risk. But where one of the salvors is the owner of a boat which is used only as a means to enable the salvors to reach the derelict vessel, he is fully compensated by receiving the full value of his boat.

The tender was insufficient in amount, and was not brought into court; and as it was only tendered on condition of its acceptance in full compensation of the claim, it constituted no bar to the action. The defendant wrongfully withheld the money from the plaintiff, and was therefore properly charged with interest. Costs followed of course, as it was an

action for money had and received, and if they were in the discretion of the court that discretion was properly exercised.

There was no necessity for an order for a severance of the parties. The defendant Avery was solely responsible, and judgment could have been given in no other form. (*Code,* § 136.)

The judgment must be affirmed with costs.