By the Court,
Robertson, Ch. J.
The necessity of deciding difficult questions “in the investigation” is expressly-excepted from the grant of authority to courts to direct references of all the issues in an action to a referee to be tried, in case their' trial requires the examination of a long account. {Oode, § 271.)
The grant itself is, at most, permissive, not peremptory, and evidently intended more for the benefit of the court, than as a right of the parties, since it is allowed to exercise the power on its own motion. The questions of law which may be so required to be decided, are not confined to those arising out of the facts presented by the issues in the case ; they may grow out of their very character, and the evidence necessary to their investigation. In this case the questions of law, in regard to the good faith and honest intent of the chattel mortgages héld by plaintiffs, may be very simple, and yet offers of evidence may raise very difficult ones. The answer, in this case, besides charging generally, that such mortgages were executed with intent- to interfere with the collection by the other de- ■ fendants, of their claims against Brooks, alleges an entire want of consideration for them, secrecy in their execution, and a continued possession of such chattels by the defendant Brooks, after such execution. This, which is not denied in any paper before us, throws on the plaintiff the burden of proving good faith and honest intent in executing such mortgages. (2 R. S. 137, § 4.) And although such intent is made by the statute a question of fact and not of law, such good faith is not; the statute intended by it something besides the intent, and was evidently designed to cover cases where, although *685 the mortgagee had an honest debt, and his sole desire was to secure it, he allowed himself and it, to be knowingly used to keep other creditors at- bay.
But even if the statute meant precisely the same thing, by “good faith” and “intent not to hinder, delayer defraud,” courts have made out of matters appearing on the face of _ an instrument, questions of law as to fraud. And even if the only questions on the main issues were questions of fact, in addition to determining such questions as to the good faith and intent, yet, the relevancy of evidence offered and its sufficiency to establish them, when in issue, may present difficult questions of law. • ■
The mortgagee, of course, cannot introduce every thing he thinks proper, by way of proof of his honesty. Whatever is offered must have some legal, direct bearing on the questions at issue. A just debt to be secured, undoubtedly lies at the bottom of such proofs, but the mere necessities or convenience of the mortgagor have been held not to be sufficient, alone, to go to a jury as evidence of such honesty of intention. (Doane v. Eddy, 16 Wend. 523. Randall v. Cook, 17 id. 53.) Eo rule has, however, been established as to any other circumstances. The fact that a jury is to pass upon the evidence of circumstances showing good faith, does not render the question of its admissibility less difficult of solution, or take away the necessity of the regulation of its admission by an experienced judge, instead of a referee, who is only required to possess the skill necessary to examine a long account. The fact, that referees may and often do possess equal skill and experience, does riot alter the theory and object of the statute to leave litigation to the determination of ordinary tribunals created for the purpose, unless there is special necessity for the use of others. Unless the plaintiff in this case can prove his good faith and honest intent, he must fail at the trial, and the introduction of evidence for the purpose will most probably raise difficult questions of law.
I am not prepared to say that proof of an intention on the part of. the defendants to apply for a trial of special issues in *686 the action by jury, as provided in the 254th section of the' Code would, of itself, even if proved, render an order for a trial by a referee of all the issues erroneous, because I see no obstacle to authorizing such mode of trial, notwithstanding such order of reference.
The latter may in all cases be applied for and obtained immediately after issue joined, or any time afterwards; the - former may be done upon a notice given ten days after issue joined, beside which full time is allowed for the settlement of such issues, if granted. (Gen. Ct. Rule, 33.) If the motion to refer can cut off that right, then the mere intent to apply ought to be sufficient to require the order of reference to be made conditional, unless such application be made within some specified time; but I cannot think the granting absolutely of an order of reference cuts off that right. If such issues were of a kind, that their determination would dispose of the case, so as. to render unnecessary the taking of an account at all, the rule would apply that the examination of a long account being unnecessary, a reference would be equally so. (Graham v. Golding, 7 How. Pr. 260. Keeler v. Plank Road Company, 10 id. 11. Cameron v. Freeman, 18 id. 310; S. C. 10 Abb. Pr. 333.)
I think, however, there is another objection in this, case to a reference of all the issues. While the plaintiff has joined as a cause of action with his claim under the chattel mortgages, a personal liability of the defendants Brooks and Church for moneys advanced, he only prays for judgment against them for any deficiency in the amount so claimed, after applying the proceeds of the mortgaged property in satisfaction; but as appears by the affidavit of the attorney for the defendants he has served upon the defendant Brooks, besides a summons, a notice that no personal claim is made against him, while he has not served any summons at all on the defendant Church. Even, therefore, if the plaintiff could proceed in this action against the defendants, Brooks and Church, to recover judgment against them under the' 136th section of the Code, notwithstanding his notice that he made no personal claim against *687 them, and if a judgment for a deficiency in an action for the foreclosure of a mortgage comes under the section last named, I do not see how the action is in a condition to have the liabilities of such two defendants determined on the trial of all the issues therein before a referee, so as to have judgment and execution against the joint property of Church and Brooks. Assuming also Church to be a proper party to an action, to which, the defendants who are creditors of Brooks are made parties, merely as having subsequent claims to that of' the plaintiff upon the mortgaged chattels, and that the determination of his liability, or its amount, must be simultaneous with that, of the rights of such defendants, since there can be but one trial and judgment in the action, it is not very clear how such trial can be had, or judgment given, until Church has been brought before the court. The first subdivision of such 136th section is a mere re-enactment of a previous statutory provision, (2 R. S. 377, § 1,) and could hardly have been designed to reach further than it did. Although possibly by the reduction of forms of action, and jurisdictions of courts to one, comprising equitable as well as legal forms and jurisdictions, joint liabilities may be embraced by it, it could not have been intended to extend to cases, where an action for such liability was joined with one, where other causes of action were to be passed upon, other equities settled and relief given besides such joint judgment. Section 375 of the Code permits an entirely new litigation of the liability of joint contractors not served, involving of course the question of the validity of the mortgages. There is no good reason for omitting to serve a party, if a resident, personally, or if absent, by publication, where the defendants have equities as between each other, except in an action on a joint liability, where the recovery is of a simple judgment for the amount due upon it against joint contractors. The only reference that could have been ordered in this action, if Brooks and Church had been the sole defendants, and the former, having alone been served with the summons, had not appeared or answered, would have been one to take an account or proof of some particular fact neces *688 sary to enable the court to give judgment. (Gode, § 246, subd. 2.) As there can be but one trial and judgment in the action, any referee., as a substitute for the court or a jury, must assess the amount due from Brooks and Church as part of such judgment; yet no authority to do so is given him by the order of reference in question. Besides, the referee can only try the issues made by the pleadings in the action, and has no authority to determine equities between the defendants, under section 274 of the Code, or dispose of the costs.
There is no reason why any property held jointly by Church and Brooks, therefore, should be charged (under an execution) with the costs of the litigations respecting the validity of the mortgages given by the latter. While Church remains a party on the record, and is not brought in, the cause must be considered as not at issue as regards him, and, therefore, not in a situation for a reference to dispose of all the issues. (Jansen v. Tappen, 3 Cowen, 34. Dutcher v. Wilgus, 2 How. Pr. 180. Burnham, v. DeBevorse, 8 id. 159. Ward v. Dewey, 12 id. 193. Powell v. Finch, 5 Duer, 666. Hawkins v. Avery, 32 Barb. 551.)
Eor these reasons, the order appealed from should be reversed, without costs, to either party,