## SUPREME COURT.

DEAN AND WIFE agt. THE EMPIRE STATE MUTUAL INSURANCE
COMPANY.

The 349th section of the Code authorizes an *appeal* when the order *affects a
substantial right.*

Now the question is this, Is such a substantial right violated, in *referring* a cause
which involves the examination of a long account, where a party insists he has
a right to have it tried by a *jury*, that he can *appeal* from the *order of refer-
ence?* *Held* not—Because, whether such a long examination will be involved
is a question of fact to be determined summarily by the tribunal to which the
application is made. If there be evidence enough to call for a judicial determina-
tion, it is a matter of discretion, and the decision must be regarded as conclusive

*Albany General Term, September,* 1853. WATSON, WRIGHT,
and HARRIS, Justices.

Appeal from order of reference made at special term. The
action was brought upon two policies of insurance executed by
the defendants to Mrs. Dean. The property insured consisted
of houses and personal property. The premises having been
destroyed by fire, the plaintiffs claimed to recover $2300 for
the loss. The defendants denied that the property was of the
value alleged. They also denied that Mrs. Dean was the
owner. They alleged that the personal property belonged to
the plaintiff, Noah S. Dean, and that he had made, in the appli-
cation for insurance, false and fraudulent statements, which
rendered the policies void.

The action being at issue, the plaintiffs, upon an affidavit of
one of their attorneys, stating that the trial of the action would
involve the examination of a long account, moved that the
same be referred. The motion was granted. From this order
of reference the defendants appealed.

D. WRIGHT, *for Plaintiffs.*
CH. S. LESTER, *for Defendants.*

By the Court—HARRIS, Justice.—If an order be made refer-
ring an action for slander, or assault and battery, or other mere
wrong, it would undoubtedly be appealable. The last clause

of the third subdivision of the 349th section of the Code author izes an appeal when the order affects a substantial right. The right to a trial by jury is such a right. It is guaranteed by the constitution in certain cases. If an attempt be made to deprive a party of such right in a case where it is thus secured, the order must be regarded as affecting a substantial right, and of course may be reviewed upon appeal.

But when the trial of an issue of fact will involve the examination of a long account, it may be referred. No right is violated by an order of reference in such a case; and whether such an examination will be involved, is a question of fact to be determined summarily by the tribunal to which the application is made. If there be evidence enough to call for a judicial determination upon the question, I suppose the decision should be regarded as conclusive. I do not think the court, upon appeal, should undertake to decide upon the weight of evidence. Having seen that a case is presented which might be referred, the question of right is disposed of, and all else is matter of discretion, and, of course, not to be reviewed upon appeal.

In this case, one of the plaintiffs' attorneys stated in his affidavit that the trial would necessarily require the examination of a long account. This was sufficient evidence to authorize the court, at special term, to find that fact, and having found it, it was then referred to the discretion of the court to determine whether the cause ought to be referred or not. Having decided, upon sufficient evidence, that the case was referable, and, being referable, that it ought to be referred, I think the decision of the special term ought not to be reviewed upon appeal. The order should therefore be affirmed with costs.