## MASTERTON *a.* HOWELL.

*New York Common Pleas; Special Term, May,* 1859.

REFERENCE.—LONG ACCOUNT.

An action to recover compensation for indorsing, for defendant's accommodation, a large number of his notes, is properly referable, as requiring the examination of a long account, if the case involves no difficult questions of law.

Motion for a reference.

The action was to recover commissions for a number of accommodation indorsements made by plaintiff for defendant.

The plaintiff moved for a reference of the issues, upon an affidavit that his claim consisted of a large number of items of account, about two hundred items of which were denied by the answer, and that they would have to be separately proved on the trial.

The defendants resisted the motion, on an affidavit made by one of them, that he had the books of defendants in his possession, and they showed the number of notes indorsed, and ascertaining the facts would be the work of but a few moments; that they were advised by counsel the only questions of importance which could arise were—1. Whether defendants promised to pay for the indorsements; 2. What the same were worth; and, 3. Whether such indorsements were a good consideration for a promise. The deponent further alleged that the indorsements were not matters of account, and that plaintiffs had repeatedly told deponent that they had kept no account of them.

*Luther R. Marsh,* for the motion.

*W. Z. Larned,* opposed.

HILTON, J.—The plaintiff sues to recover compensation for indorsing negotiable paper for the defendant, to enable him to procure the same to be discounted; and it is alleged that this

was done upon the defendant's promise to pay a reasonable compensation therefor.

The number of notes thus indorsed is not stated; but it is alleged that they exceeded twenty, and that the amount was over $75,000.

To determine the compensation to which the plaintiff may be entitled under this agreement, it will be necessary to ascertain both the number and amount of the notes, and this will, it seems to me, require the examination of a long account on the part of the plaintiff; and as the investigation will not require the decision of difficult questions of law, the action falls within the class which the court may order to be referred. (*Code*, § 371, sub. 1; McCullough *a.* Brodie, 13 *How. Pr. R.*, 346; Dewey *a.* Field, *Ib.*, 437; Van Rensselaer *a.* Jewett, 6 *Hill*, 373; Samble *a.* Mechanics' Fire Insurance Company, 1 *Hall S. C. R.*, 560.)

Motion for reference granted, costs to abide event.

---

# EDGERTON *a.* PAGE.

## *Court of Appeals; December*, 1859.

LANDLORD AND TENANT.—ACTION FOR RENT.—EVICTION.—
COUNTER-CLAIM.

A tenant who has continued to occupy the whole of the demised premises during the whole period for which rent is claimed, is not released from payment of such rent by reason of the fact that the landlord has committed acts which diminished the beneficial enjoyment of the premises during the period for which the rent is sought to be recovered. While the tenant remains in possession of the entire premises, his obligation to pay rent continues; though it is otherwise if he is compelled to abandon possession before the rent falls due.

Wrongful acts on the part of a landlord, not merely a breach of the contract of leasing, but wrongful independent of his obligations under that,—*e. g.*, injuries to the tenant's property on the premises, and to the possession, committed not under a claim of right,—cannot be set up as a counter-claim by the tenant in an action against him for the rent.