## STEVENSON *vs.* BUXTON.

When it appears, or is conceded, on the trial at special term of an action for the specific performance of an agreement to sell and convey real estate, that the defendant is not, and never has been, able specifically to perform, the judge should decline to proceed with the trial, and should send the action to the circuit, for trial.

The defendant, in such a case, has a right to have the question of damages tried by a jury; of which right the justice at special term cannot deprive him, by a *compulsory* reference to a referee; particularly where the fact that the defendant never had title, and was not and never had been able to specifically perform, is set up in the answer.

THIS was an appeal from a judgment entered upon the report of a referee as to the amount of damages, in an action for specific performance.

*E. W. & G. F. Chester,* for the appellant.

*W. R. Stafford,* for the plaintiff.

*By the Court,* SUTHERLAND, J. This action was brought to compel the specific performance of an agreement to sell and convey to the plaintiff certain real estate in the city of New York. The specific relief asked is that the defendant be compelled to deliver to the plaintiff a deed, &c.

The defendant in his answer, among other things, alleges that he never owned the premises agreed to be conveyed, and that the plaintiff knew that the defendant was not the owner,

Stevenson *v.* Buxton.

when he accepted the agreement; that the agreement was entered into with the expectation that the defendant would be able to purchase the premises and procure a title, but he had not been able to do so.

On the trial at special term it appeared, and was conceded, that the defendant never had title, and was not then, and never had been, able to convey, yet, notwithstanding the objection of the defendant, the court made a compulsory reference to a referee to ascertain and report the damages which it was adjudged the plaintiff was entitled to recover for the non-fulfillment of the agreement by the defendant. The defendant objected not only to the order of reference, but also to the proceeding before the referee; but the referee proceeded, and made his report, upon which judgment was entered against the defendant for $1125.96, and costs.

We think, when it appeared or was conceded on the trial, that the defendant was not then and never had been able specifically to perform, that the justice at special term should have declined to proceed with the trial, and should have sent the action to the circuit for trial.

The defendant had a right to have the question of damages tried by a jury; of which right the justice at special term could not deprive him by a *compulsory* reference; particularly as the fact, that the defendant never had title, and was not and never had been able to specifically perform was set up in the answer, and the truth of which may be said to have been an issue in the cause.

The judgment should be reversed with costs.

[NEW YORK GENERAL TERM, November 4, 1861. *Clerke, Sutherland* and *Barnard*, Justices.]