# NEW YORK SUPERIOR COURT.

## A. ALEXANDER ATOCHA, assignee, &c. agt. CLEMENTI P. GARCIA.

In all those actions, where the nature of the *cause of action* is such, that the defendant may be arrested under § 179 of the Code, it must be *stated in the complaint*; otherwise, an *execution* cannot issue against *the person*, unless an order of *arrest* has been served.

But where the action is one in which the defendant cannot be arrested, without some

*extrinsic fact*, forming no part of the *cause of action*, but merely incidental to it, the fact must be stated in an *affidavit*, and an order of arrest must be obtained and served; and the averment of such fact in the complaint will not alone authorize an execution against the person. Hence the averment in the complaint is *immaterial*.

For instance, where the substantive cause of action alleged in the complaint, is the *debt* sought to be recovered, and allegations of *fraud* are also averred, the fraud being *incidental*, and only important to the plaintiff, as furnishing the ground for obtaining the provisional remedy of arrest; the allegations of fraud in the complaint are *immaterial* and *unnecessary*. The issue to be tried in the action is the *debt*, not the fraudulent contraction of it. The judgment recovered is for the debt, not for the fraud.

Such an action, where it involves the examination of a *long account*, although an order of arrest has been obtained, may be *referred*, under § 271 of the Code, without the consent of the parties.

*Special Term, July,* 1862.

THE complaint alleges that the defendant boarded and lodged at the hotel of the plaintiff's assignor, with his wife and two children, from February 11, 1861, to January 27, 1862; during which time he was furnished by said assignor with board, lodging, and other necessaries, for himself, wife, and children, and that the same are worth the sum of three thousand two hundred and forty dollars. The complaint also alleges a demand of and refusal to pay. Allegations are also contained in the complaint, that the defendant made representations that he was in expectation of receiving large sums of money from the estate of his deceased father, and that upon the faith of which representations he was furnished with the board, &c. That about the 22d January, 1862, he did receive a large sum of money, as his share of his father's estate, and, thereupon clandestinely left the said hotel, and removed his property therefrom. The defendant denies each and every allegation in the complaint. The bill of particulars of the plaintiff's demand contains items covering upwards of fifty pages.

MONELL, Justice. I cannot entertain a doubt that the trial of this action will require the examination of a long account, on the part of the plaintiff. The issues require

the plaintiff to prove each item. The defendant, by his answer, puts him to this proof, and the action will fail, as to any part not sufficiently established by evidence. The case is brought, therefore, directly within § 271 of the Code. But it is objected by the defendant, that he has a right to a trial by jury, of the allegation of fraud contained in the complaint, and upon which an order of arrest has been issued, and executed by the arrest of the defendant, and that, therefore, the case is no longer referable.

I think, however, the defendant is mistaken in supposing such an issue can be tried at all. The action is to recover the value of board and lodging, &c., furnished the defendant, and for no other purpose. The allegations of fraud *in the complaint*, are not only unnecessary in order to procure the provisional remedy of arrest, but I think them to be improper, and should be stricken out, as irrelevant. Doubtless the plaintiff's attorney, in reading the amendment to § 288 of the Code, which provides that no execution shall issue against the person, unless an order of arrest has been served, or "unless the complaint contains a statement of facts, showing one or more of the causes of arrest, required by § 179," has supposed it necessary to allege the fraud, to secure the right to issue an execution against the person, if the plaintiff should not or could not procure an order of arrest. This, however, is not the correct construction of the amendment.

Subs. 1 and 2 of § 179, authorize an arrest, when the *action* is for the recoveries therein enumerated. In such actions the grounds of arrest must necessarily appear. They are a part, if not all, of the cause of action. Whereas in sub. 3, the grounds of arrest must as necessarily appear *after* the action is commenced. Sub. 4, which authorizes an arrest, where the debt has been fraudulently contracted, gives the provisional remedy in an action to recover the *debt*; and sub. 5 when the defendant has removed, &c., his property, with intent to defraud his creditors.

Atocha agt. Garcia.

It is clear that in all that class of cases where the *substantive cause of action* is such, that the defendant may be arrested, it must be stated in the complaint, as in actions for injuries to the person or character, or for wrongfully taking, detaining, or arresting property, and the like. In these, the complaint, in alleging the *cause of action*, necessarily alleges the *grounds* which authorize an arrest; but where the substantive cause of action does not, of *itself*, warrant an arrest, and the arrest is an incident merely growing out of other facts, arising at the time, or subsequently, they become no part of the cause of action, and are unnecessary in the complaint. The true construction, therefore, of the amendment of the Code, referred to is, that in all those actions, where the nature of the cause of action is such, that the defendant may be arrested, it must be stated in the complaint, otherwise an execution cannot go against the person, unless an order of arrest has been served. But when the action is one in which the defendant cannot be arrested, without some extrinsic fact, forming no part of the cause of action, but merely incidental to it, the fact must be stated in an affidavit, and an order of arrest must be obtained and served, and the averment of such fact in the complaint will not alone authorize an execution against the person. Hence the averment in the complaint is immaterial. The grounds of arrest, in such cases, must appear by *affidavit*, and can only be met by affidavit. The issue to be tried in the action is the *debt*, not the fraudulent contraction of it. The judgment recovered is for the debt, not for the fraud. If the defendant fails to get the order of arrest vacated, he is liable to an execution against his person; and if no order has been obtained and served, he cannot be arrested, although the complaint alleges the fraud. In this view, if it be correct, no question of fraud can be tried in this action, and the only judgment the plaintiff can obtain is for the *demand* stated in his complaint.

But even if this view was incorrect, the case would still be referable.  The necessary examination of a long account would make it so; that is, the substantive cause of action.  The fraud is incidental and only important to the plaintiff, as furnishing the ground for obtaining the provisional remedy provided by law in such cases.  That remedy has already been obtained, and the grounds for it cannot enter into the trial of the action.

The action must therefore be referred to a referee to hear and determine.