## HARRIS *a.* MEAD.

*New York Common Pleas ; General Term, July,* 1863.

APPEALABLE ORDERS.—REFERENCE.—LONG ACCOUNT.

Instance of an action upon an account which is not referable.

Appeal from an order of reference.

This action was brought by William Harris against States M. Mead, John Beal, and others, to recover for $150.13, for work, labor, and materials. The items set forth in plaintiff's bill of particulars were of one date, and as follows :

"To plumbing work in store No. 30 Pearl St., as
   per contract,   .   .   .   .   .   . $80.00
Marble top to wash basin, extra,   .   .   10.00

### Extra Work.

| | |
|---|---|
| 1⅝ stop and waste-cock in cellar,   .   .   . | 1.75 |
| 8 lbs. pipe and 4 lbs. solder,   .   .   . | 2.00 |
| ½ day plumber and helper,   .   .   .   . | 1.88 |
| Grinding in basin-cock,   .   .   .   . | .50 |
| Putting in gas-pipe, setting two meters and 4 two-light slide pendants, as per contract,   . | 54.00 |
| | $150.13." |

When the case was called for trial, the court ordered a reference. The plaintiff appealed.

*Benjamin C. Thayer,* for the appellant.—I. The court must be enabled to see from the pleadings, and other papers of the parties, that the trial of the cause must necessarily involve the examination of a long account, on either side, before they will compel a reference. (Keeler *a.* Poughkeepsie Plank-road

Co., 10 *How. Pr.*, 11; Sharp *a.* Mayor, &c., of N. Y., 18 *Ib.*, 213.)

II. Four items are not enough to justify a reference. (Parker *a.* Snell, 10 *Wend.*, 577.) There are but two items embraced in the plaintiff's bill of particulars in this action. (Swift *a.* Wells, 2 *How. Pr.*, 79; Miller *a.* Hooker, *Ib.*, 171.)

III. Where the judge at the trial orders a reference, this court may review his decision, and revoke the order. (Van Rensselaer *a.* Jewett, 6 *Hill*, 373; Thomas *a.* Reab, 6 *Wend.*, 503; 25 *Ib.*, 687.) On question of right to appeal, see 13 *Abbotts' Pr.*, 124.

IV. Compulsory references should be rigorously confined to cases invoking the examination of a *bona-fide* account in an action of contract, and should be literally and truly a long account. The constitutional provision of the right of trial by jury cannot be too faithfully preserved, and any legislative provision tampering with it should, at least, be very strictly construed. (18 *How. Pr.*, 213.)

*John C. T. Smidt*, for the respondents.—I. The complaint is for work, labor, and services, and for materials furnished. It will be seen, on examination of the plaintiff's bill of particulars, that the first and the last item necessarily involve many small items connected with the several contracts. The number of these items cannot be discovered from the papers. It is fair to assume, however, that in a motion of the kind, made when a case comes on for trial in its regular order upon the calendar, that the court could ascertain from the statement of counsel more facts pertinent to those items than the pleadings show, and that it acted upon such knowledge, as well as the facts shown by the papers.

II. The court, did, in fact, make its decision as well upon the facts ascertained from counsel as the papers in the case.

DALY, F. J.—There were but seven items in this case, under one date. Substantially, there were but two: putting in gaspipes per contract, $54; plumbing work by contract, $80. The remainder were a few items of extras added to the plumbing work; and, with one exception, a marble top to wash-basin,

$10, they were trifling in amount. Within the decisions, this was not a case for a reference. (Smith *a.* Brown, 3 *How. Pr.*, 9; Swift *a.* Wells, 2 *Ib.*, 79; Miller *a.* Hooker, *Ib.*, 171; Parker *a.* Snell, 10 *Wend.*, 577; Van Rensselaer *a.* Jewett, 6 *Hill*, 373.)

HILTON and BRADY, JJ., concurred.

Order reversed.