## DICKINSON a. MITCHELL.

*Supreme Court, First District; General Term, May, 1865.*

REFERENCE OF LONG ACCOUNT.—APPEALABLE ORDER.

No compulsory reference can be ordered under section 271 of the Code of Procedure, unless the examination of a long account be required.

A bill of particulars is not an account proper in the legal sense of the term.

Five items do not constitute a long account.

An order of reference made in such a case is appealable.

Appeal from an order of reference.

This was an action for work and labor, and legal services rendered by the plaintiff as counsel for defendant, claiming two thousand dollars.

On demand by defendant, a bill of particulars was put in by plaintiff, containing five distinct items of charges on the debit side, and one item on the credit side. The defendant pleaded a general denial, and also set out a special defence.

On motion of plaintiff's counsel, setting forth by affidavit that the examination of a long account would be required on part of plaintiff, which was opposed by defendant, claiming that no account was involved, a reference to determine all the issues was ordered by the court at special term, held at chambers by Mr. Justice BARNARD.

The defendant appealed from this order.

*B. Roelker*, for the defendant, appellant.—I. This is not a case in which a compulsory reference could be ordered under section 271 of the Code, as it does not involve the examination of a long account. A bill of particulars is not an account proper in the legal sense of the term. And even if it were an account, it is not a long account. (Sharp *a.* The Mayor of N. Y., 18 *How. Pr.*, 213; Freeman *a.* Atlantic Mutual Ins. Co., 13 *Abbotts' Pr.*, 124; Harris *a.* Mead, 16 *Ib.*, 257; 6 *Hill,* 373; 2 *How.*, 79; *Ib.*, 171; 3 *Ib.*, 9; 6 *Wend.*, 505; 10 *Ib.*, 577; and Keeler *a.* Poughkeepsie Plank Road Co., 10 *How. Pr.*, 11.) The

decision and opinion of Judge DEAN in this case having been confirmed by this court, at this present general term, in the case of Goodrich *a.* Lorillard Ins. Co., and the opinion of the Superior Court, in Whitaker *a.* Desfosse (7 *Bosw.*, 678), over-ruling this case in 10 *How. Pr.*, 11, having been disapproved of by this court.

II. On the question of a right to appeal. (See 13 *Abbotts' Pr.*, 124; 16 *Ib.*, 257; 6 *Hill*, 373; 6 *Wend.*, 505.)

*Samuel G. Courtney*, for plaintiff and respondent.—I. The demand of the plaintiff is for work, labor, and services rendered defendant as counsel. The answer denies each and every allegation in the complaint; and therefore puts at issue the amount of labor, its time, and the value of the same.

1. The bill of particulars of the plaintiff's demand shows the account to be necessarily a long one.

2. All the labor done, what was done, how much time occupied under each item, under the pleadings, must be shown; also, by experts and professional men, what such labor, time, and services were worth.

II. Such an action and such issues are properly referable. (See *Code*, § 271, subd. 1.)

In an attorney's action to recover compensation for his services, a reference may be had to ascertain the amount he will be entitled to recover. (Bowman *a.* Sheldon, 1 *Duer*, 607.)

III. This order is not appealable.

The question whether the trial of an issue of fact will involve the examination of a long account, is a question of fact to be determined summarily upon the application to refer. If there is sufficient evidence to authorize the court so to find, granting a reference rests in its discretion, and the order is not appealable. (Dean *a.* Empire Mutual Ins. Co., 9 *How. Pr.*, 69.)

The allegation in the moving affidavit made by the attorney, that the trial would involve the examination of a long account, is sufficient evidence to authorize the court to order a reference. (Whitaker *a.* Desfosse, 7 *Bosw.*, 678.)

BY THE COURT.*—The order is appealable, as it affects a substantial right.

---

* Present, INGRAHAM, P. J., WELLES and CLERKE, JJ.

The bill of particulars in this case is not an account in the ordinary or legal sense of the term. And if it were an account, it would not be a long account, such as would justify a compulsory reference.

Formerly four items were held sufficient to constitute a long account; but the later decisions of the courts do not deem this a long account.

The order below must be reversed, with ten dollars costs to defendant, to abide the event of the action.