Batchelor agt. Albany City Ins. Co.

# N. Y. SUPERIOR COURT.

CHARLES BATCHELOR, plaintiff and appellant, agt. THE ALBANY CITY INSURANCE COMPANY, defendant and respondent.

Where on the pleadings and proofs of loss submitted by the plaintiff, consisting of one hundred and forty-five items of goods consumed by fire, of the alleged aggregate value of $11,127.24, and of forty-nine items of goods saved from the fire but damaged to the extent of $263, a *reference*, of the action on motion, was properly granted.

Such an account is an essential element in the cause of action, and forms a part of the basis of the action; for until it is rendered no cause of action exists, and when rendered it limits and controls the recovery.

And where it is found and decided by the special term, that the account in question is a long account within the meaning of § 271 of the Code; that no difficult questions of law are involved, and the allegations of the answer being insufficient to raise an issue of fraud, the order of reference appealed from should not be disturbed.

The rule laid down in *Whittaker* agt. *Desfosse* (7 *Bosw.*, 678), authorizing a reference in actions involving the examination of a long account, approved and followed— which is substantially:

That it is sufficient if it appear that the trial of any one of the issues will involve the examination of a long account, although the determination of some other issue may render it unnecessary to try the first named issue at all; that whether the whole of the issues shall be ,referred, or the taking of the account merely; and whether the account shall be taken before the trial of the other issues, or after, are matters in the discretion of the court at special term, to be governed by the particular circumstances of each case.

Also, if there is any evidence laid before the court below, that the examination of a long account will be required, and that evidence is uncontradicted, or if there is a conflict of proofs created by the counter affidavits, then the determination of the court below must be held final and conclusive.

*General Term, May*, 1869.

*Before* BARBOUR, *Ch. J.*, FITHIAN *and* FREEDMAN, *Justices*

THIS is an appeal from an order made at special term by Justice JONES, referring the issues in the action to a referee to hear and determine the same, for the reason that the trial of the action involves the examination of a long account within the meaning of § 271 of the Code. The opinion given at special term is as follows:

JONES, J. One of the questions arising on this motion, and indeed the main one, is—do a large number of items of goods destroyed or injured by a fire contained in an account required by the policy to be furnished by the assured as a condition precedent to the maintenance of an action on the policy, constitute, within the meaning of the law authorizing a compulsory reference, a long account against the insurance company, which has insured a party against loss of, and damage to such goods?

Before proceeding to discuss this question, I may premise that there are several cases, and among them the case of *Freeman* agt. *The Atlantic Mutual Insurance Company* (13 *Abb. Rep.*, 124), the reasoning and dicta in which tend to a negative answer of the question; but in none of the cases is the question distinctly met and decided.

Indeed, after a review of all the cases, I have come to the same conclusion to which the late learned and experienced chief justice of this court came in the case of *McLean* agt. *East River Insurance Company* (8 *Bosw. Rep.*, 700), where after a similar review, he concludes that what is meant by the terms " long account" has never been clearly determined, and without himself attempting to determine it, denies the motion for a reference on the ground that a defence of fraud, which ought to be tried by a jury, was interposed,

Neither shall I attempt to determine it, except so far as is necessary to enable me to solve the above inquiry.

The agreement of insurance is substantially, that the insurers will pay to the insured the reasonable value of such property as shall be destroyed, and as to such as shall be injured only, the difference between its value as injured and its value as uninjured. Upon a loss occurring the insurer becomes indebted to the assured in the amount of such value, and such difference. I am unable to perceive why such an indebtedness does not constitute an account as well as an indebtedness for the value of goods sold and delivered, when no price has been agreed on, or for the difference between

Batchelor agt. Albany City Ins. Co.

the contract price of goods and their market value, when goods are bargained and sold, but acceptance refused by the vendee, which latter indebtedness is conceded to constitute an account.

The mode in which the indebtedness for such value and difference arises cannot make any difference, whether it is by an express or implied agreement to pay, arising out of or made on a purchase, or an express agreement to pay in the event of a certain contingency happening.

This suit is not to recover damages as such for the breach of a contract; but is brought on the contract to recover a liquidated demand arising thereunder.

In some cases it is intimated that the account meant by the law is one which forms the basis of the action, and to recover which the action is brought.

I am inclined to think this view is not warranted by the statute. But let that pass.

The account here does form a part of the basis of the action, and the action is brought to recover the amount by it shown to be due.

The policy provides that upon a loss or damage being sustained the assured shall forthwith give notice thereof "to the company; and as soon thereafter as possible, deliver in a *particular account* of such loss or damage, signed with their own hands and verified by their oath or affirmation, and shall among other things declare on oath, what was the whole value of the subject insured, what was their interest therein, when and how the fire originated as far as they know or believe; and until such proof shall be furnished the loss shall not be deemed payable; and if there shall appear any fraud or false swearing the assured shall forfeit all claim under this policy." The policy also provides that losses shall be paid sixty days after the receipt of proper proof of loss.

Under these provisions the rendition of this particular account thus provided for becomes an essential element in the

cause of action. Until it is rendered no cause of action exists; and after it is rendered it limits and controls the recovery.

No reason presents itself to my mind, why, the particular account thus called for does not constitute an account within the meaning of the law.

Two cases have been brought to my notice which it is said, hold, that bills of goods comprising a large number of items sold and delivered at the same time, or a claim for several items of service, all performed at the same time does not constitute a long account. If this is settled law, it of course is as equally applicable to the present case, as to a bill of goods sold.

But I apprehend the decision of the court in those cases is too broadly stated. The two cases are *Swift* agt. *Wells* (2 *How. Rep.*, 79), and *Miller* agt. *Hooker* (2 *How. Rep.*, 171). On referring to them it will be seen that there was but a single transaction to be inquired into, and that the trial would not require a separate examination in the one case of each item of the bill of goods either as to the delivery or value thereof, or in the other of each item of service, as to the performance or value thereof.

The court therefore properly held that under such circumstances an examination of a long account was not involved. Although the general language ascribed by the reporter to the learned judges seems to go further; yet that general language is controlled by the facts of the case.

It is evident from these cases, that there are cases where a large number of items will not require the examination of a long account; but it is also evident that there are other cases where a large number of items, say, fifty, although of goods sold at the same time, will involve such examination, *e. g.*, when no price is agreed on, and the inquiry involves an examination into the value of each item by itself. If the sales were made on as many different days as there are items, it would not be questioned but that the examination of a

long account would be involved, although there was no dispute except as to the value. It is difficult to perceive how the fact of the sale of all the items at the same time, changes the character of the examination as to value.

I have arrived at the conclusion that the account in question is a long account, within the meaning of the law.

From an examination of the answer, I think no difficult questions of law are involved, nor are the allegations sufficient to raise an issue of fraud.

I think the motion should be granted.

Motion granted with $10 costs to the defendant, to abide the event, and cause referred to John J. Townsend, Esq., to hear and determine.

WEEKS and FORSTER, *attorneys and counsel for plaintiff, appellant.*

I. The trial of the issues will not require the examination of a long account or of any account in the sense in which that word is used in the section of the Code which authorizes a reference in certain cases.

To constitute an account in the sense of that section, there must be both debit and credit items. (5 *Bosw.*, 236; *Van Rensselaer* agt. *Jewett*, 6 *Hill*, 373; 6 *Wend.*, 503; 25 *Wend.*, 687; *Silmser* agt. *Redfield*, 19 *Wend.*, 21.)

In *McMaster* agt. *Booth* (4 *How.*, 428), Judge BARCULO defines an account to be "a computation or statement of debts and credits, arising out of personal property bought or sold, services rendered, materials furnished, and the use of property hired and returned." (*Keeler* agt. *Poughkeepsie, and S. P. P. R. Co.*, 10 *How.*, 11.) "A commutation of debts and credits between the parties," is necessary to constitute an account. The examination of numerous items of damage does not constitute an account between the parties within the meaning of that term. (*Dewey* agt. *Field*, 13

*How.,* 438; *McCullough* agt. *Brodie,* 13 *How.,* 347; 18 *How.,* 213–311; 9 *Abb.,* 436.)

In *Allentown R. R. Co.* agt. *Johnston,* the late chief justice denied a motion for a reference on the ground that proof of over 300 items of stock subscriptions and their amounts, was not the examination of a long account under § 271. In *Jencks* agt. *The Mayor, &c.,* one of the riot claims, his Honor Justice McCUNN held that though the plaintiff's claim embraced over 2,000 items covering twenty-five sheets of foolscap paper, each of which was contested, yet it was not a referable action. (*See also, Ross* agt. *The Mayor, &c.,* 2 *Abb. N. S.,* 266; *Swift* agt. *Wells,* 2 *How.,* 79; *Miller* agt. *Hooker,* 2 *How.,* 171; *Freeman* agt. *Atlantic Mut. Ins. Co.,* 13 *Abb.,* 124; *McLean* agt. *East River Ins. Co.,* 8 *Bosw.,* 700; *Sharp* agt. *The Mayor, &c.,* 18 *How.,* 213; *McCullough* agt. *Brodie,* 13 *How.,* 346.)

II. The requirement of the policy that the assured should deliver a particular account of such loss and damage signed and verified, &c., is the ordinary form of policies of insurance. The use of this phrase "particular account" does not bring the case within the § 271 of the Code, as the word "account" is used in the policy and in § 271 in two entirely distinct meanings which belong to it. If this ingenious reasoning of the opinion at special term is to prevail, all suits for loss on policies of insurance are subject to compulsory references, as in the case of insurance on a house or a ship, the policy, by the same words requires the assured to deliver a *particular account* of such loss, &c.

III. From the examination of the pleadings it is apparent that difficult questions of law are involved—the effect of the indorsement on the policy, "loss, if any, payable to Charles Batchelor as owner," which plaintiff claims entitles him to recover in his own right under the authority of *Solmes* agt. *Rutgers Fire Ins. Co.* (8 *Bosw.,* 578), while defendants under authority of *Grosvenor* agt. *The Atlantic. Fire Ins. Co.* (17 *N. Y.,* 391), claim that they are discharged from all liabili-

ty; also the questions of the sufficiency of the proof; the conformity to the various requirements of the policy; indeed, from the pleadings it is not apparent that there is likely to be any very extensive examination even of the many items of plaintiff's damage, but numerous and difficult questions of law will evidently arise. There is no affidavit that the examination of any account is involved in the issues. (*Dedrick's Admrs.* agt. *Richly,* 19 *Wend.,* 108; *Cameron* agt. *Freeman,* 10 *Abb.,* 334; *Graham* agt. *Golding,* 7 *How.,* 260.)

IV. It would appear that the judge below overlooked the separate defense contained in the fifth clause of the answer, which clearly alleges falsehood in the policy and in the proofs of loss, which is certainly fraud.

V. The plaintiff is entitled to have these issues tried by a jury, and these questions of law decided by the judge presiding at such jury trial, and the judge below had no power to order a compulsory reference against plaintiffs opposition. The order should therefore be reversed, with costs. (*Dickenson* agt. *Mitchell,* 19 *Abb.,* 286; *Harris* agt. *Mead,* 16 *Abb.,* 257; *Goodyear* agt. *Brooks,* 4 *Robt.,* 682.)

BARNEY, BUTLER & PARSONS, *attorneys and counsel for defendants, respondents.*

I. It has been held in this class of cases that such an order is not appealable. The decision of such a motion rests in the discretion of the judge at special term. (INGRAHAM, J., *Ubsdell* agt. *Root,* 1 *Hilton,* 173, *general term; citing, Gray* agt. *Fox,* 1 *Code Rep. N. S.,* 334; *Bryan* agt. *Brennon,* 7 *How. P. R.,* 359; *Dean* agt. *Empire State Mut. Ins. Co.,* 9 *id.,* 69; *Smith* agt. *Dodd,* 3 *E. D. Smith,* 348. *See also, Sands* agt. *Harvey,* 19 *Abb.,* 248; *Hatch* agt. *Wolf,* 30 *How. P. R.,* 65; *McLean* agt. *The East River Ins. Co.,* 10 *Bosw.,* 701.)

II. On the merits of the motion it seems difficult to add anything to the well-considered and elaborate opinion of the learned judge who decided the motion at special term; but we remark

1. It will not be disputed that this is an action arising on contract;

2. That the trial of the issues of fact will require the examination of a long account or list of items, and as to the value of each item;

3. That the investigation will not require the decision of any difficult questions of law.

III. There appears to be but two generic issues involved in the pleadings; all other questions appear to be collateral to those.

, 1. As to the real ownership of the property claimed to be covered by the policy.

2. The question as to the amount and value of the property lost.

IV. Those issues depend upon questions of fact; there are no difficult questions of law involved; and the principal inquiry of fact evidently is as to the loss and value of numerous items of merchandise; and the defendants have a right to extend the inquiry as to value to every item claimed to be lost or damaged.

1. The judge at special term determined the question as to whether a long account was involved, and the appellate court will not review such a decision. (*Hatch* agt. *Wolf*, 30 *How.*, 69, *and cases cited; see also, cases cited under first point*.)

V. There is a wide difference between. the Revised Statutes and the Code in respect to references. By the former only cases "*founded on contract*," could be referred (2 *R. S.*, *vol.* 2, *p.* 480, 3*d. ed*). Under the Code any action may be referred if the "trial of an issue of fact require the examination of a long account on either side." (*Code*, § 271.)

1. Even where the action or defense is founded on a *fraud* it may be referred. (*Sheldon* agt. *Wood,* 3 *Sand.,* 739 ; *Mc-Mahon* agt. *Allen,* 10 *How.,* 384.)

2. In the case of *Dean* agt. *The Empire State Mutual Ins. Co.* (9 *How.,* 69), where the answer distinctly set up fraud on the part of the plaintiff, by which the insurance was claimed to be void ; the Albany general term, WATSON, WRIGHT and HARRIS, J.J., held, that as the investigation of a long account was involved, the case was referable, and,

3. Held, further, that in such a case the order at special term was not appealable.

VI. This action was brought on a contract. By the terms of that contract it is expressly provided that if the insured shall do or neglect to do certain things, the contract is violated and becomes void. Now, to aver the doing or neglect to do those things as is done in the answer, amounts in law simply to an averment of a breach of the contract. Fraud is not laid as a defense independent of the contract ; it does not create the defense, that grows out of the contract ; that the acts and omissions charged might amount to a fraud if so prosecuted, does not affect the question here.

1. The case of *McLean* agt. *The East River Ins. Co.* (10 *Bosw.,* 700), chiefly relied upon by plaintiff's counsel at special term, seems to be hardly authority here for this case,

*a.* It was a special term case.

*b.* It does not show what facts the defense was based upon, but merely says the defense was fraud.

*c.* It is based evidently upon theories prevailing before the Code ; the principal case it quotes being in 25 *Wend.;* and,

2. It distinctly holds that such orders are discretionary, and not appealable.

VII. The appeal should be dismissed, or the order made at special term should be affirmed.

*By the court,* FREEDMAN, J. The appellant insists that this

is not a case in which a reference can be ordered against his objection.   It is indeed strange to find that, notwithstanding the books are full of cases in which the question of the power of the court to order a compulsory reference has been discussed, and an attempt made to solve and settle it, it has never, either before or since the Code, been clearly and distinctly determined what constitutes a long account within the meaning of the law.   A review of the adjudged cases usually cited upon this point, as well as the history of legislation upon the same subject since the first publication of the Revised Statutes, will be found highly interesting.   I shall omit, however, to discuss the question in its constitutional aspect, as this point has neither been argued nor raised in the case under consideration.   At the time of the publication of the Revised Statutes in 1829, section 39 of the statute, authorizing a reference in certain cases, read as follows:

" SEC. 39. Whenever a cause shall be at issue in any court of record, and it shall appear that the trial of the same will require the examination of a long account, on either side, such court may, on the application of either party, or without such application, order such cause to be referred to three impartial and competent persons."

The next section of the same statute provided for the appointment of referees, as follows:

" SEC. 40. If the parties agree on three persons as referees, such persons shall be appointed by the court; if they disagree, each party shall be entitled to name one, and the court shall appoint the persons so nominated, if they are free from all exceptions, and such other person as the court shall designate."

Section 46 prescribed that all the referees must meet together and hear all the proofs and allegations of the parties together, but a report of any two of them shall be valid.

By chapter 499 of laws of 1836 it was enacted that in any cause which may be referred to referees, it shall be the

duty of the court or judge ordering the reference, with the consent of the parties, to appoint such one person as sole referee therein as may be agreed on by said parties.

With the exception of this single change the statute remained unaltered as above until 1845; and so far from re-restricting the power of reference to matters of account alone, did not even confine it to actions arising *ex contractu.* In practice, however, the courts seem to have confined it to such actions. In *Thomas* agt. *Reab.* (6 *Wend.,* 503), decided in 1830, which was an action for the recovery of damages for breaches of various covenants, SUTHERLAND, J., held, " It may well be that the trial of a cause in an action of covenant may require the examination of a long account, but this is not such case."

*Silmser* agt. *Redfield* (19 *Wend.,* 21), decided in 1837, decides simply that actions of tort are not referable, although it is true NELSON, Ch. J., gives it as his opinion that the statute only applies to cases where accounts, in the common acceptation of that term, may exist, and require examination.

The case of *Levy* agt. *The Brooklyn Fire Insurance Co.* (25 *Wend.,* 687), decided 1841, involved charges against the plaintiff: (1) That he had *fraudulently* caused the conflagration by which the property insured was injured, and (2) that in making up his statement of loss he had *fraudulently* over-estimated the amount of his loss; and for these reasons the chief justice said that, *without attempting to lay down any general rule* as to the reference of actions on policies of insurance, he was of the opinion that in a case involving such serious charges a party was entitled to the benefit of a trial before a court and jury.

In *Van Rensselaer* agt. *Jewett* (6 *Hill,* 373), decided 1844, which was an action for the recovery of nine year's rent, BRONSON, J., vacated the order of reference upon the ground that the defendants rested their *entire* defense on the ground that they were *never* liable for *any* rent, and that for this

reason no account between the parties, in the ordinary acceptation of the term, was involved.

The foregoing cases, and a report consisting of less than three lines of the case of *Parker* agt. *Snell* (10 *Wend.*, 577), to the effect that the court refused to refer the cause, because there were but four items in the account, constitute the groundwork upon which the claim has since been founded, that not only must there be a long account, but that it must be a mutual account between the parties; although the fact, that the statute did not restrict the power of reference to actions arising *ex contractu*, was distinctly recognized by COWEN, J., in *Lee* agt. *Tillotson* (24 *Wend.*, 338), decided 1840.

By chapter 163 of laws of 1845 the statute was changed, however, so as to apply only to "*causes founded upon contract*," in which the trial, *or the assessment of damages*, will require the examination of a long account on either side. After the statute had been thus amended, but before the passage of the Code, the following two cases were decided, without reference, however, to the change introduced by the act of 1845, to wit: *Swift* agt. *Wells* (2 *How.*, 79), and *Miller* agt. *Hooker* (2 *How.*, 171). In the first-named of said cases, which is constantly cited in support of the theory therein advanced by BRONSON, Ch. J., that one bill of goods, containing fifty different items, delivered at the same time, is in fact but one item, the *gross* amount of the bill was agreed upon at the time of sale, the defendant had no set-off of any kind, and the only question raised was as to payment; and in the second case, it was held, upon the authority of the preceding case, simply that an action founded upon *one* bill of lading containing eleven items did not require the examination of a long account.

Section 226 of the Code as passed in 1848, and section 271 of the amendatory act of 1849, conferred authority upon the court to direct a compulsory reference in *any* case, among others, where the trial shall require the examination

of a long account on either side, and this power the courts
have retained ever since.    It will be seen that section 271
of the Code is again made broader in its terms than the pro-
visions of the Revised Statutes, as amended in 1845.    The
latter provided for the appointment of referees in actions
founded on contract only, while the Code authorizes a refer-
ence in *all actions* whatever involving the examination of a
long account, and it has consequently been held by this
court, in *Sheldon* agt. *Wood* (3 *Sandf.*, 739), with the con-
currence of the entire court, that the court has power to
order a reference in actions sounding in tort, where the trial
of the issues of fact does require the examination of a long
account.

The cases under the Code, which, upon a mere inspection,
may appear to have been differently decided, will be found
on careful examination to contain peculiar features and to
rest upon peculiar facts, and that the question actually de-
cided in them is to the effect only, and goes no further than
that the examination of a long account within the meaning
of section 271 is not involved therein, but that they do not
determine what is such account.    They are, therefore, not
in conflict with the decision of *Sheldon* agt. *Wood*, *supra.*

In the same manner, it will be found that in several ca-
ses arising on contract, a reference has been refused, either
because the account involved therein was not sufficiently
long to warrant a reference, or because the examination of
the account was not directly involved therein; but this
class of cases also fails to establish a rule by which it could
be determined what does constitute a long account, and ac-
cording to which a decision of the court below upon this
point could be reviewed at the general term.

The most important cases in which a reference has been
denied are :

*McMaster* agt. *Booth* (4 *How.*, 428), decided in 1850.
This case simply decides that an action of negligence cannot
be referred, notwithstanding BARCULO, J., in making the de-

cision, adopts as the basis for it the language of NELSON, Ch. J., in *Silmser* agt. *Redfield, supra.*

*Draper* agt. *Day* (11 *How.*, 439), that an action to set aside an assignment for the benefit of creditors, on the ground of fraud, is not referable.

*Dewey* agt. *Field* (13 *How.*, 437), was an action against the sheriff for the recovery of damages for a false return to an execution.

*McCullough* agt. *Brodie* (13 *How.*, 347; 6 *Duer.*, 659), was an action for damages for false representations.

*Sharp* agt. *The Mayor, &c., of New York* (18 *How.*, 213), affirmed on appeal (31 *Barb.*, 578), was an action for damages for a misrepresentation, and the affidavit upon which the order of reference was granted was clearly insufficient, for the reason that it merely recited that the trial of the action would occupy a *long time,* and that a number of separate and distinct *facts* would have to be proved by a large number of witnesses.

The case of *Ross* agt. *The Mayor, &c.* (33 *How.*, 164), decides only that in an action brought to recover damages not arising out of contract, a reference cannot be ordered, even though the items of damage, which are to be examined, be ever so numerous.

In *Stevenson* agt. *Buxton* (37 *Barb.*, 13; 15 *Abb.*, 352), it was held that in an action for specific performance, where the fact that the defendant never had title, and was not and never had been able to specifically perform, is set up in the answer, and is proved on the trial at special term, a compulsory reference cannot be ordered to assess the damages, but the case should be sent to the circuit for trial.

In *Dickenson* agt. *Mitchell* (19 *Abb.*, 286), five items in plaintiff's bill of particulars were held not to be sufficient to constitute a long account.

*Harris* agt. *Mead* (16 *Abb.*, 257), was an action for plumbing-work. Substantially there were but two items, and five

items of extras of trifling amount, with one exception.    The case simply held it not to be "a case for a reference."

The case of *Goodyear* agt. *Brooks* (4 *Robt.*, 682), turns upon the peculiar issues raised by the pleadings.

In *Cameron* agt. *Freeman* (18 *How.*, 310), it was held, at special term, that a reference against the will of the parties cannot be ordered, unless the issues in the action involve directly, and not merely incidentally, the examination of a long account.    Several other similar cases may be found, which hold, without denying the power of the court, that it is improper to refer a case, where it may become only collaterally important to examine into a long account, but these I cannot stop to consider.

In the following cases among others a reference was ordered upon the ground that the examination of a long account was involved.

In *Masterson* agt. *Howell* (10 *Abb.*, 118), it was held, by HILTON, J., that an action to recover compensation for indorsing, for defendant's accommodation, notes exceeding twenty in number, is properly referable as requiring the examination of a long account.

In *Jackson* agt. *De Forrest* (14 *How.*, 81), a receiver was appointed and reference ordered upon the court's own motion to determine the whole issue.

In *Atocha* agt. *Garcia* (15 *Abb.*, 303), being an action to recover the value of board and lodging, MONELL, J., ordered a reference, notwithstanding the complaint contained allegations of fraud, which constituted a ground of arrest, and the defendant had been arrested thereon.

In *Hatch* agt. *Wolf* (30 *How.*, 65), which was an action to recover damages for a breach of covenant to keep premises in good and tenantable repair, the court of common pleas, at general term, upheld the order of reference.

DALY, F. J. in delivering the opinion of the court, held: That the order directing a reference upon the ground that the action required the examination of a long account, is not

an order affecting the merits, or which involves a substantial right, and is not appealable (*citing Dean* agt. *Empire Mut. Ins. Co.*, 9 *How.*, 69; *Bryan* agt. *Brennan*, 7 *How.*, 359; *Ubsdell* agt. *Root*, 7 *Hilt.*, 173); and if the action is one, in which a reference *may* be ordered, the order of the judge at the special term, whether the examination of a long account is or is not involved, is not one which the court will reverse on appeal. (*Citing Smith* agt. *Dodd*, 3 *E. D. Smith*, 348; *Kennedy* agt. *Hilton*, 1 *Hilton*, 546.)

In *Mills* agt. *Thursby* (11 *How.*, 113, *No.* 1), a general reference was ordered, although the examination of an account formed only a principal part of the issue. MITCHELL, J., held that, although the question of partnership or no partnership, alone, is a proper one to be decided by a jury; yet where it is so connected with the accounts of the firm as to require an examination of them, the cause should be referred.

That an action upon a policy of insurance may be referred, if it involves the examination of a long account, has been distinctly held in *Samble* agt. *The Mechanics' Fire Insurance Company* (1 *Hall*, 560).

In *Lewis* agt. *The Irving Fire Insurance Company*, and *Same* agt. *The Fulton Fire Insurance Company* (15 *Abb.*, 303, *note*), SCRUGHAM, J., granted the motions to refer, although the answer not only denied that the plaintiffs lost by the fire the goods claimed to have been lost, but charged fraud upon the plaintiffs in making claim for more goods than they lost, &c.

In *Dean and wife* agt. *The Empire State Mutual Insurance Company* (9 *How.*, 69), being an action upon two policies of insurance, executed by the defendants to Mrs. Dean, it was held by WATSON, WRIGHT and HARRIS, J. J., that, although the answer contained not only a denial of the value of the property, and of Mrs. Dean's ownership, but also an averment that part of the property belonged to Noah S. Dean, and that he had made, in the application for insurance, false

and fraudulent statements, which rendered the policies void, the court, at special term, having decided, however, that the action involved the examination of a long account, it was referable, and that the decision of the special term ought not to be reviewed upon appeal.

Finally, it should not be overlooked that several sections of the Code refer to different kinds of account. Section 158, in prescribing the manner of pleading an account, refers to an account and a "further account" generally. Section 95, in prescribing that, in an action brought to recover a balance of an account, the cause of action shall be deemed to have accrued from the time of the last item proved in the account on either side, expressly limits the operation of the section to "mutual, open and current accounts, where there have been *reciprocal* demands between the parties;" while section 271 applies to any kind of an account which may exist on either side, provided it is a long one. The cases of *Peck* agt. *United States and Liverpool Mail Steamship Co.* (5 *Bosw.*, 226), *Green* agt. *Ames* (14 *N. Y.*, 225), and *Hallock* agt. *Losee* (1 *Sandf.*, 220), have reference only to the account defined by section 95.

Therefore, in view of the fact that a review of all the cases bearing upon the point under consideration and a comparison of the decisions therein made with the facts of each case, discloses not only the inexpediency, but the almost utter impossibility of supplying the want of a statutory definition of the term "long account on either side," by a judicial construction to be followed in all future cases, I shall not attempt to determine the meaning of these words, but will content myself to decide the case under consideration in accordance with the rule laid down in *Whittaker* agt. *Desfosse* (7 *Bosw.*, 678), by five of the judges of this court, sitting in general term. In this case the language of Justice EDMONDS, in *Gray* agt. *Fox* (1 *Code R.*, *N. S.*, 334), was criticised as an extreme view of one side of the question, and the remark of Justice DEAN, in *Keeler* agt. *The Pough-*

keepsie Plank Road Co. (10 How., 11), as an unwarranted limitation of the power to refer on the other hand, and held that it is sufficient if it appear that the trial of any one of the issues will involve the examination of a long account, although the determination of some other issue may render it unnecessary to try the first-named issue at all; that whether the whole of the issues shall be referred, or the taking of the account merely, and whether the account shall be taken before the trial of the other issues, or after, are matters in the discretion of the court, at the special or trial term, to be governed by the particular circumstances of each case; and it was consequently further held in the last-named case, that if there is any evidence laid before the court below, that the examination of a long account will be required, and that evidence is uncontradicted, or if there is a conflict of proofs created by counter affidavits, then the determination of the court below must be held final and conclusive, and this is the meaning and intent of the cases.

In the present case the motion for a reference was made and heard on the pleadings, and proofs of loss submitted by the plaintiff. The proofs of loss consist of one hundred and forty-five items of goods consumed by fire, of the alleged aggregate value of eleven thousand one hundred and twenty-seven dollars and twenty-four cents, and of forty-nine items of goods saved from the fire, but damaged to the extent of two hundred and sixty-three dollars. This particular account of such loss and damage, the plaintiff was, by the terms of his policy, bound to render to the company, and the policy provided further that the amount of the loss or damage shall be paid sixty days after the receipt of said account. This particular account, therefore, as has been truly said by the learned justice who ordered the reference, is an essential element in the cause of action, and forms a part of the basis of the action; for, until it is rendered no cause of action exists, and, when rendered, it limits and controls the recovery; and the said justice, upon the proofs before him,

Batchelor agt. Albany City Ins. Co.

having found and decided that the account in question is a long account, within the meaning of section 271, that no difficult questions of law are involved, and the allegations of the answer being insufficient to raise an issue of fraud, the order appealed from should not be disturbed. I will conclude by stating that I did not fail to examine the cases of *McLean* agt. *The East River Ins. Co.* (8 *Bosw.*, 700), and *Freeman* agt. *The Atlantic Ins. Co.* (13 *Abb.*, 124), but that my views have not been changed thereby. In the first-named of these cases, a reference was refused at the special term on the sole ground that part of the defense was fraud on the part of the insured; and I must assume that the fraud was charged and averred in such form as to compel a determination of the question on the trial upon the evidence given in support of it. In the case last referred to the court, at general term, it seems, did not deny the power of the justice at special term to order a reference in that particular case; but simply held, " As the whole defense in this case rests upon the alleged fraud of the plaintiff, in not putting the goods on board, and also that the vessel was intentionally wrecked, and as both issues involved directly a charge of fraud, *we do not think the case should have been referred ;* such questions are *properly* to be tried by a jury."

The order appealed from should be affirmed with ten dollars costs,

BARBOUR, Ch. J.—I concur.

FITHIAN, J.—I concur.