By the Coubt.—Howell, Ch. J.
It is objected that this order is not appealable. That the action being upon contraed, and the issues requiring the examination of an account, the order was discretionary, and that therefore, as there was no question of the power, of the court to order the reference, under the uniform decisions of the courts, an appeal from the order does not lie. In the decisions referred to, the appealability of the order was ascertained by determining whether it was within the power of the court to make it. If it was wholly discretionary, it was final, but if the action, or the case made on the motion was not within the statute, the order was subject to review.
Those decisions, however, must be regarded as reversed by subsequent adjudications in the court of appeals, (Townsend v. Hendricks, 40 How. Hr. 162; Kain v. Delano, 11 Abb. N. S. 35 ; Welsh v. Darragh, 52 N. Y. 592), where it is held in substance, that the question of power is always involved in these motions. The court say, that in any case a reference can be ordered only when' the examination of a long account is required, and the power of the court is to be found in that fact. If the proof before the special term does not show that the account is such as brings the action or trial within the statute, the court has no power to make the reference, and if it is made, the decision may be reviewed (Kain v. Delano, supra).
It was further objected that a reference of the issues was an infringement of the constitutional right of trial by jury.
The language of, the bill of rights (Cons. art. 1, subd. 2), is, “the trial by jury in all cases, in which it has been heretofore used shall remain inviolate, &c.” In a literal sense, this would include any common law *295 action, as well actions of assumpsit involving the examination of long accounts, as actions of tort. For the former action, at all times, might be tried by á jury; and, therefore, it might be claimed, that it was a case in which a trial by jury “has been heretofore used.” But as actions involving the examination of long accounts were referable before the adoption of any of the constitutions of this State, the clause quoted from the bill of rights has been confined by construction to such common law actions as were theretofore tried by a jury only.
This question, however, is fully disposed of by Townsend v. Hendricks (supra).
The complaint in this case contains a statement of two separate and distinct causes of action. The first cause of action is for goods sold and delivered; and from the number of items furnished by the bill of particulars, may involve, on the trial, the examination of a long account, within the meaning of the statute. The second cause of action is, the breach of a special contract, and for the recovery of unliquidated damages.
In Evans v. Kalbfleisch (36 Supr. Cf. R.), this court, upon a review of the recent adjudications in the court of appeals, held that the several decisions of this court (Whitaker v. Desfosse, 7 Bosw. 678; Goodyear v. Brooks, 4 Robt. 682, and Batchelor v. Albany City Ins. Co., 1 Sweeny, 346), holding that if any of the issues required the examination of a long account, the entire action was referable, notwithstanding some one or more of the issues were such as the parties had the constitutional right of trial by jury, must be regarded as reversed by such recent adjudications. The court say, “The principle to be deduced from the decisions referred to is, that all the causes of action stated in the complaint must be referable. If part or one only is referable, the court cannot refer the others.” In such case the party must either *296 abandon his non-referable cause of action, or, possibly, after it is disposed of by a jury, the other cause of action may be sent to a reference.
The second cause of action, as stated in the complaint, is non-referable. It is to recover unliquidated damages for a breach of contract, and, standing by itself, the court could not make a comp.ulsory reference. And this court says, in Wheeler v. Falconer, 7 Robt. 45, “The Code, by expressly permitting, even where a long account is involved, the referee to be confined to passing upon a- specific question of fact involved in the issue, and by allowing an account to be taken as a separate matter, for the information of the court, not only authorized but required that neither party should be deprived of the benefit of a trial before a court or a jury as to matters not in-olved in the account.”
The right to unite in the same complaint several causes of action should, as far as is practicable, be confined to such actions as may be tried together and in the same forum. This can only be done by sending all the issues to a jury, if any of them are within the constitutional inhibition, and by refusing to send any to a reference.
Following, therefore, the decision of this court in Evans v. Kalbfleisch (supra), the court had no power to refer the issues in this case, and hence the order of reference should be reversed, with costs.
Curtis and Speir, JJ., concurred.