By the Court.—Monell, Ch. J.
Among the cases where the court is authorized to direct a reference is “ where the trial of an issue of fact shall require the examination of a long account on either side ” (Code, § 271, sub. 1). Under this provision it was held, in some cases, that the court could refer all the issues, if any one of them required the examination of a long account, notwithstanding that as to such other issues the parties had an absolute right of trial by jury (see Whittaker v. De Fosse, 7 Bosw. 678; Batchelor v. Albany City Insurance Company, 1 Sweeny, 346). But recent decisions of this court have somewhat restricted the power and confined it to cases where all the causes of action set forth in the complaint were referable. Thus in Evans v. Kalbfleish (36 Superior Ct. 450), one cause *419 of action was on a special contract, which did not involve the examination of any account. A second cause of action was for work, labor, and services, the trial of which would require the examination of a long account. It was held the whole action could not be referred. A similar decision was made in Ross v. Combes (37 Superior Ct. 289).
These decisions conflict with the former adjudications only in respect to the power of the court to refer all the issues when some only are referable. But they do not affect the question involved in this appeal.
The plaintiff’s only cause of action is upon contract. Its trial will not require the examination of any account. It is, therefore, not referable.
But the defendant has interposed a counter-claim or set-off, embracing a large number of items, which will require to be examined on the trial.
We are concluded by the decision of the special term, that the trial will require the examination of a long account, within the meaning of the code (Ronalds v. Mechanics’ National Bank, 37 Superior Ct. 208; Hossack v. Heyerdahl, 38 Id. 391), leaving the only question, whether the court can direct a reference of all the issues, when only those presented by the defendant’s counter-claim or set-off are referable. Very nearly this precise question was presented in Kain v. Delano (11 Abb. N. S. 29). The plaintiff’s cause of action was a single item. The answer alleged a counter-claim, which, the plaintiff’s moving affidavit averred, would require the examination of a long account. The court of appeals reversed the order directing a reference of the whole action, on the ground that the proof before the court below was insufficient to show that a long account would be required to be examined. But the power to refer in such a case is, I think, fully recognized by the court. They say (p. 36), “ The defendants do not allege or set up any counter *420 claim, or any defense, resting upon or calling for the examination of an account between the parties to the action. As new matter, there is set up by way of defense a single transaction.”
There is a dictum in Welsh v. Darragh (52 N. Y. 590, 592), which determines the referability of an action by the complaint; and that if the plaintiff’s cause of action is on contract, the answer of the defendant can not make it non-referable, although it may set up a recoupment or counter-claim, of which by itself he would have the right of trial by jury.
To allow a reference of an entire action, where the only referable issue is upon an independent cause of action set up by a defendant as a counter-claim, would seem to effectually deprive a plaintiff of the right of trying Ms cause of action by jury. A right which was recognized and enforced in Townsend v. Hendricks (40 How. Pr. 143).
But, perhaps, the code can not be differently construed. It says an account “ on either side,” which is broad enough to allow of a reference of the defendant’s issues, when the plaintiff’s action is upon contract, although in itself not referable.
Until the court of appeals recedes from what we think is decided in Kain v. Delano (supra), we must adopt that as the law.
The order must be affirmed, with costs.
Freedman and Sedgwick, JJ., concurred.