Campbell, J.
The summons was for a money demand, and the complaint claims that the ¡fiaintiffs are payees and owners of a promissory note made by defendants, and concludes with a demand for, judgment for a specific sum of money. The complaint also contains allegations, that the goods for which the promissory note was given were fraudulently procured from the plaintiffs. A motion is made to strike out this part of the complaint which sets up the fraud.
The defendants were not arrested, nor was any process for arrest asked for, but it is insisted by the plaintiffs that these allegations of fraud should be retained in order to enable them to obtain an execution against the persons of the defendants, after an execution has been returned unsatisfied against their property, pursuant to the provisions of section 288 of the code.
I think these allegations must be stricken from the complaint. It seems to me that great oppression might result from allowing this course of pleading to be followed. A summons may contain a demand for a specific sum of money which the defendant owes, and against which he can make no defence. A complaint may be filed demanding the judgment for the money specified in the summons, and also setting up gross frauds on the part of 'the defendant; and the defendant may thus be defaulted and made to admit charges of fraud which have never come to his notice, and thus also subject himself to arrest and imprisonment. As originally reported, section 179 of the code only contained the three first subdivisions, embracing actions ex delicto, where the pleadings embracing the summons, show that the claim is for an uncertain amount of damages. In those cases, a defendant would necessarily look into the claim made against him. The *738 provisions for arrest for a fraudulent purchase or procurement of goods were inserted by the legislature, and the section 288 remaining as reported, caused the point of difficulty.
In cases arising under the fourth and fifth subdivisions of section 179,1 think, if the plaintiff wish to obtain the benefit of the execution provided for against the person in section 288, he must set up the fraud in the commencement of the suit, or at least before judgment, and cause the defendant to be arrested and held to bail. (Code, § 183, 204.) We cannot accede to the idea, that the question of fraud, where it is in no wise applicable to the judgment to be rendered, is to be put in issue by the pleadings, in order to be tried in the action, merely to ascertain whether the case is one in which the defendant might have been arrested under sections 179 and 181 of the code, and his person taken in execution under section 288.
The motion must be granted, but as the point is new, without costs.