By the Court.—Monell, J.
The provision of the bankrupt act, which, it is claimed, affects the question in this case, is, that no debt created by the fraud of the bankrupt, shall be discharged under the act (Section 33, Bankrupt act).
The action which the plaintiff brought was upon a simple contract debt. But from certain allegations in the complaint, it might have been an action to recover damages for a false and fraudulent representation ; in other words, for a fraud in contracting the debt.
The plaintiff, however, for the purposes of a cause of action, at least, waived the tort and sued for the contract debt; and the judgment was for money paid to the use of the defendant, and not for damages for • the fraud.
The action, therefore, which the plaintiff brought, did not admit of the allegations of fraud, as the fraud did not form any part of the only cause of action which he sought to enforce, and could be used appropriately, *8 only as a means of procuring the provisional remedy of arrest (Lee v. Elias, 3 Sandf. 736; Atocha v. Garcia, 15 Abb. Pr. 303).
The question must, therefore, be examined, as if no allegation of fraud was contained in the complaint, and as if the cause of action was a simple money demand on contract.
Looking at the complaint in that light, it is clear that the case is not within the exception contained, in section 33 of the bankrupt act, unless we can go behind the judgment.
The question, then, is, can the plaintiff go behind his judgment and show that the simple, contract debt for which he sued, was, in fact, contracted in fraud %
As a general rule, a judgment merges the cause of action, and resort cannot be had afterwards to it for any purpose., There is also another general rule, that when a creditor has two remedies, he may waive one and pursue the other. Thus, for a debt fraudulently contracted, he may sue for the fraud, or he may sue for the debt. He cannot do both ; although, in a suit for the fraud, the damages would be, in part, at least, the debt. Whichever of the remedies he elects to pursue, is final, and he cannot afterwards pursue the other. So that if he waives the tort, as he may do, and sues for the debt, he is forever estopped from afterwards suing for the tort (Morris v. Reckford, 18 N. Y. 552).
The judgment, in this case, was recovered prior to the discharge in bankruptcy. It was, therefore, the only debt existing against the bankrupt at the time he petitioned, and the plaintiff was concluded by it. He had elected to waive the tort, and his election was final. It has been decided in two cases (Goodrich v. Dunbar, 17 Barb. 644, and McButt v. Hirsch, 4 Abb. Pr. 441), that the recovery of a judgment upon a debt fraudulently contracted, merges the original cause of action; and in an action upon such judgment the defendant, is *9 not liable to arrest on the ground of fraud in the original debt.
These cases establish, that the judgment is the only debt, and that the original cause of action cannot be afterwards resorted to for any purpose.
There are, however, cases where it has been held, that a judgment, although a technical, one was not so complete a merger, that the courts, cannot look behind it to see upon what it is founded.
In Clark. Rowling, 3 N. Y. 216, pending a suit upon promissory notes, the defendant petitioned for a discharge in bankruptcy. Judgment was obtained before the discharge was granted. In an action upon the judgment in the nature of a creditor’s bill, the defendant set up his discharge in bar. But the plaintiff alleged, that as the original debt was merged in the judgment, the judgment was the only debt upon which the discharge could operate; and as that was created after the petition in bankruptcy it was not discharged. The court, however, went behind the judgment," and held, that the original cause of action was the debt, and gave effect to the discharge. In that case, however, the defendant in the judgment was allowed to go behind it, and the doctrines of merger and estoppel did not apply. If he could not have shown that the debt existed when he petitioned in bankruptcy, his discharge as to it would have been a nullity, and the whole object of the law defeated.
nevertheless, the language of section 33 of the bankruptcy act, is calculated to raise a doubt whether a creditor may not go behind his judgment. ■ The act declares “that no debt created by fraud,” shall be discharged, which is, perhaps, broad enough to let in evidence of the fraud at any time. I confess I am far ■from clear that he may not, in an action upon the judgment, show, to avoid the discharge, that the original debt was contracted in fraud. I rest my decision, there *10 fore, upon the doctrine of merger and estoppel. The whole cause of action was merged in the judgment, and the plaintiff having elected to bring assumpsit, waived the tort, and is concluded by his election. He cannot now go back and show the original contraction of the debt.
The order should be affirmed, with costs.