UBSDELL & PIERSON, Defendants in Error, v. CUNNINGHAM, Plaintiff in Error.

1. Where a cause is tried by the court without a jury and evidence is adduced to prove a fact in issue, and the same, after having been seen and examined by the court, is ruled out as inadmissible, this will be regarded as equivalent under the circumstances to declaring the evidence thus excluded insufficient to establish the fact sought to be proved thereby.

*Error to St. Louis Law Commissioner's Court.*

This case is the same case heretofore decided by this court, and reported in 22 Mo. 124.

*Whittelsey*, for plaintiff in error.

*Krum & Harding*, for defendants in error.

RICHARDSON, Judge, delivered the opinion of the court.

The rejected evidence in this case was contained in two receipts and a deposition. The defendant had the right to

[*] A motion for a rehearing was made in this case and overruled.

show that the notes sued on had been included in a previous settlement between him and one of the plaintiffs, and that the receipts taken at the time omitted by mistake to mention them. The evidence offered by the defendant was competent for whatever it was worth, as tending to make out his defence ; and if the case had been tried by a jury, it should have been submitted to them and they could have given whatever weight to it they pleased. But the case was tried without a jury ; the deposition and receipts were offered in evidence and were seen by the court ; they were objected to as irrelevant ; and the court excluded them. This, under the circumstances, was equivalent to declaring the evidence rejected insufficient to prove the fact it was offered to prove.

There is no question of law in the case, for if the court had received the evidence and then found for the plaintiff we would not have interfered with the judgment, and as the matter is now presented the action of the court was equivalent to a declaration that the evidence did not establish the defence.

The judgment is affirmed, the other judges concurring.