SILAS W. DOOLEY, Respondent, *v.* JOHN BARKER, Appellant.

**June 6, 1876.**

Where the trial of an issue of fact requires the examination of an account, it is error to refer it, against the objection of one of the parties, where the account is clearly not a long one.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*Blakeman & Thayer*, for appellant, cited : Edwardson *v.* Garnhart, 56 Mo. 81 ; Wag. Stat. 1041, sec. 18 ; Swift *v.* Wells, 2 How. Pr. 79 ; Miller *v.* Hooker, 2 How. Pr. 171 ; Stewart *v.* Elwele, 3 Code R. 139 ; McCullough *v.* Brodie, 11 How. Pr. 346 ; *s. c.*, 6 Denio, 659 ; Harris *v.* Mead, 16 Abb. U. S. 257 ; Dickinson *v.* Mitchell, 19 Abb. U. S. 286.

*E. W. Pattison*, for respondent, cited : Williams *v.* Allen, 45 Mo. 573 ; Whitswell *v.* Willard, 1 Metc. (Ky.) 216 ; Silmeer *v.* Redfield, 19 Wend. 21 ; McMaster *v.* Booth, 2 Code R. 111 ; Martin *v.* Hall, 26 Mo. 389 ; Robson *v.* Jones, 33 Tex. 324 ; Fitzgerald *v.* Hayward *et al.*, 50 Mo. 516 ; Martin *v.* Hall, 26 Mo. 386 ; Edwardson *v.* Garnhart, 56 Mo. 81 ; Sambler *v.* Mechanics' Fire Ins. Co., 1 Hall, 560 ; Bowman *v.* Sheldon, 1 Duer, 607.

BAKEWELL, J., delivered the opinion of the court.

This is an action brought by an attorney against his client, for professional services.

With the petition is filed a bill of particulars, dated May 1, 1874, and containing no other date, and embracing eight items, as follows :

To examination of title of Thomas' lands........$ .30.00

To consultations as to ability to make judgment out of Thomas................................ 50.00

To injunction to prevent sale under Fitzgerald deed of trust.................................. 50.00

To consultation and services as to sale of property held by Barker............................. 50.00

To making list of Thomas' property and incumbrances.................................. 50.00

To filing attachment against Thomas, drawing papers, bond, etc.................................. 50.00

To services in suit of Barker v. Thomas.......... 50.00

To obtaining warrant against Thomas, securing his arrest, and conducting prosecution against him in Court of Criminal Correction.............. 50.00

$380.00

Credit by cash................................ 40.00

Balance due............................$340.00

The answer denied that plaintiff has been employed to render the services charged for ; denied the reasonableness of the charges, and said that, for all services rendered to defendant by plaintiff, he has been paid in full, save the sum of $25, which defendant admitted to be due.

Against the objection of appellant, the cause, on the application of respondent, was, when reached for trial in the Circuit Court, referred to a referee for a trial of all the issues. The referee reported a balance of $85 due to plaintiff. Exceptions were filed to the report of the referee, by the respondent, which were overruled, and the report confirmed and judgment entered for plaintiff; and, a motion for a new trial being overruled, the cause is brought before us by appeal.

The only point upon which appellant insists, before us, is

that it was error in the Circuit Court to refer the cause against his objection.

The statute authorizes the court (Wag. Stat. 1041, § 18) to direct a reference, where the parties do not consent, where the trial of an issue of fact shall require the examination of a long account on either side.

An account has been defined to be "a detailed statement of mutual demands in the matter of debit and credit between parties, arising out of contract or some fiduciary relation." The learned judge who delivers the opinion of the court in *Mc Williams* v. *Allan*, 45 Mo. 574, accepts the definition as accurate. If so, the bill of particulars in this case is not an account at all, because the demands are not mutual. Barker has no demand against Dooley, and nothing appears in the bill of particulars to show that he ever had any demand against him. He paid $40 on account of his bill, and gets credit for it.

But, granting that that was an account in the strictest sense of the word, was it a *long* account?

In New York, under a like statutory provision, this question came up again and again ; and there can be no doubt that an account such as this, consisting of eight items, which really seem to be only three items, at most, split up into unnecessary subdivisions, with one entry of a credit for money paid on account, would be held, in New York, not a proper subject for a reference, in the absence of consent. 16 Abb. Pr. 257. *Dickinson* v. *Mitchell*, 19 Abb. Pr. 286, was a case of attorney against client. The bill of particulars had five distinct charges on the debit side, and one item on the credit side. The Supreme Court, at general term, held this not an account, in the legal sense of the term, and that, if it were an account, it was not a long account, and that it was error to order a compulsory reference.

It seems doubtful whether the bill of particulars here can be called an "account" at all, within the meaning of the statute. It seems quite clear that, if an account, it was a very short one, and involved simply no calculations at all.

We are told, however, that this is a matter purely within the discretion of the court below, and referred to *Fitzgerald* v. *Hayward*, 50 Mo. 517. The point decided there is that the court is not, in any case, bound to refer; which is quite different from saying that it can refer whenever it chooses. If the learned judge who delivered the opinion of the court says, as he does, "it is quite plain to my mind that the whole subject of reference is a matter of discretion," he must be understood as speaking with a view to the point before him. It is certain that it is not in the discretion of the Circuit Court to refer a case, against the objection of one of the parties, which does not come within one of the three classes named in the law. And the Supreme Court has expressly decided in *Martin* v. *Hall*, 26 Mo. 385, that, where the trial of an issue of fact does not require the examination of a long account, it is improper to refer it against the remonstrance of one of the parties. But the statute itself is so plain that there is no room for construction.

Neither is it in the discretion of the Circuit Court to declare that to be a long account which is manifestly a very short one. *Discretio est discernere per legem quid sit justum.* It is not purely arbitrary; and, even in matters of discretion, precedents are to be followed, as Coke says. 2 Inst. 298. The courts will not allow mere caprice to be dignified with the title of an exercise of judicial discretion. It is undoubtedly difficult to prescribe a rule which will cover all cases contemplated by the act, and to say what is a long account; but is impossible not to say of the alleged account before us that it is a short one. In *Martin* v. *Hall*, 26 Mo., already referred to, the Supreme Court refused to reverse the judgment, though it said that there was no necessity for referring the case, as it was susceptible of jury trial without too great inconvenience, and considered it doubtful whether the account was a long one. But that required measurements, calculations, and computation of mutual debits and credits, and under all the circum-

stances, and, the judgment having been for the right party, the court refused to reverse on account of the order of reference.

We think that this was not a case contemplated by the statute, and could not legally be referred by the court, of its own motion. For this reason the judgment of the Circuit Court must be reversed and the cause remanded. The other judges concur.