## SUPREME COURT.

### Jackson agt. De Forest.

The principle upon which a *receiver* of *partnership property* is appointed, is with the view of winding up the concerns of the partnership, and dividing the surplus, and not for the purpose of carrying on the partnership business. Hence, as a general rule, a receiver is not appointed except in cases where the plaintiff will be entitled to a decree of dissolution.

If a receiver is appointed, he must proceed to sell the partnership property and collect the outstanding debts without delay. The court will not take upon itself the responsibility of carrying on the partnership business; but may give the receiver authority to continue it temporarily to prevent injury and loss to the property.

Where partners cannot agree in relation to the possession and control of the partnership effects and business, it is a matter of course to appoint a receiver upon a complaint filed to close the partnership, on the application of either party.

But where the plaintiff asks relief in his complaint, for the appointment of a receiver to collect the debts and sell the partnership property, he cannot on motion ask for the appointment of a receiver to carry on the partnership business in opposition to the prayer of his complaint.

Where the issues of fact, in an action between partners, will require the examin-

Jackson agt. De Forest.

ation of a long account, the court, on its own motion, where application is made for the appointment of a receiver, will direct a reference to hear and decide the whole issues; that is, will direct an order of reference for the appointment of a receiver with power, &c., and a reference to hear and decide the whole issues.

*Montgomery Special Term, June, 1856.*
MOTION by plaintiff for the appointment of a receiver.

S. P. HEATH, *for plaintiff.*
D. P. COREY, *for defendant.*

PAIGE, Justice. The complaint in this action prays for a judgment of dissolution of the partnership between the parties, and that the defendant render an account of the partnership business, and of the partnership property, &c., and also prays for the appointment of a receiver, to sell the partnership property and collect the partnership debts, &c.

The defendant, in his answer and affidavit, alleges that the partnership was terminated on the 30th of April, 1853, by a notice he on that day caused to be served on the plaintiff, to the effect that the partnership was, on that day, dissolved; and that he elected to take and keep the partnership property upon the terms of their partnership agreement.

It therefore appears, from the pleadings, that if the partnership has not already been dissolved, that either party will be entitled to have it dissolved, and its business wound up.

The principle upon which a receiver of partnership property is appointed, is with the view of winding up its concerns, and dividing the surplus, and not for the purpose of carrying on the partnership business. Hence, as a general rule, a receiver is not appointed except in cases where the plaintiff will be entitled to a decree of dissolution. If a receiver is appointed he must proceed to sell the partnership property and collect the outstanding debts without delay. The court will not take upon itself the responsibility of carrying on the partnership business. In some cases, where it may be necessary to secure the goodwill of the partnership business to the purchaser, and the full

Jackson agt. De Forest.

value of the partnership property to the partners on the sale, the receiver is allowed to carry on the business until he can make a favorable sale of the property. (4 *Paige*, 479; 15 *Ves.* 10; 1 *Jac. & Walk.* 569; 1 *Barb. Ch. Pr.* 662–3; 2 *Ed. Ch. R.* 130; 3 *id.* 355.)

In this case, if the partnership has not already been dissolved, the plaintiff will be entitled to a judgment of dissolution. This is the relief he asks for. He does not ask to have the partnership continued, and a receiver appointed of its partnership property, as the property of a subsisting and continued partnership, and to carry on the partnership business. But he asks the appointment of a receiver to collect the debts and sell the partnership property. He cannot, therefore, on this motion, ask for the appointment of a receiver to carry on the partnership business in opposition to the prayer of his complaint.

Where partners cannot agree in relation to the possession and control of the partnership effects and business, it is a matter of course to appoint a receiver upon a complaint filed to close the partnership, on the application of either party. (4 *Paige*, 480.)

That portion of the partnership property in this case, consisting of horses, are exposed to become injured by remaining idle in the stable, and both parties are losing the profits which might accrue from the letting of such horses, as well as of the carriages; or the income of the moneys which might be obtained on a sale thereof. Besides, the expense of keeping the horses will be a serious charge on both or one of the parties.

Under the circumstances, I feel bound to direct the appointment of a receiver, to sell the partnership property and collect the partnership debts, with power, until a favorable sale of the property can be made, to allow the receiver to let and hire the horses, carriages, &c., for the benefit of the joint partnership fund.

This is a losing controversy to both the parties, and its speedy termination will promote the interest of both. As the trial of the issues of fact joined in the action, will require the

examination of a long account, the court can, on its own mo-
tion, direct a reference to hear and decide the whole issue;
which I feel disposed now to do. (*Code*, § 271.)

The plaintiff's attorney will prepare a draft order of refer-
ence for the appointment of a receiver, with the powers above
indicated; and also a draft order of reference to hear and de-
cide the whole issue, and submit copies of both orders to the
attorney of the defendant for amendment.

The parties, if they cannot agree upon the referees to exe-
cute the two orders of reference, may submit names of persons
as referees to me, when the two orders are presented for settle-
ment.

On the sale of the partnership property by the receiver, either
of the parties may become a purchaser.