Pratt, J.
The question chiefly litigated in this action was, whether the plaintiff was the owner of the property insured. This question was fairly submitted to the jury upon conflicting testimony, and a verdict rendered for the plaintiff.
The evidence is ample to sustain that finding. There seems to have been no warranty on the part of the assured that he had any particular title to overstate in the property insured, and if the evidence shows that he had any insurable interest in the property, it is sufficient to sustain the action.
It is not material that the enrollment or the legal title did not stand in the name of the plaintiff, if he had an insurable interest in the property. Tyler v. Ætna Fire Ins. Co., 12 Wend., 508; 2 Am. Leading Cases, 859; Mills v. Jacob, 8 Bosw., 161; Whiton v. Spring, 74 N. Y., 169.
It is clear that the plaintiff fiad an equitable interest in the property insured; that he j aid the premiums and that t’-'e policy was issued on his account whatever his interest m. ~ht be. I
In any view of the case, the jtuy,' fas justified in finding the plaintiff had an insurable inti it in the property.
The rule is well settled that if t j assured has some right in or against the property which, tome court will enforce upon the property, a right so de¿ ¡indent for value upon the continued existence of the property as that a loss of it will cause pecuniary damage to him, he has an insurable interest. Nat. Filtering Co. v. Citizens Ins. Co., 34 Hun, 559; Rohrbach v. Germania Ins. Co., 62 N. Y., 47.
Neither can we see that any fraud was committed upon the defendant. The plaintiff made no misrepresentation in regard to the property or his interest therein, or committed any breach of the conditions of the policy.
The obligation to hold a survey was mutual, and a refusal on the part of the defendant to join made the condition no *392 longer binding. The defendant placed its refusal to pay upon the claim that the plaintiff was not the owner and acted accordingly. No objection seems to have been made to the proofs of loss or to the conduct of the plaintiff after the loss occurred.
It was too late upon the trial to object either to the want of a survey or sufficiency of the proofs of loss. Kernochan v. New York Bowery Ins. Co., 17 N. Y., 428; O'neil v. Buffalo Fire Ins Co., 3 id., 128.
There was no error in ascertaining the amount of damages, The expense of raising and towing the vessel to a place of safety was a proper charge, as it was a contribution or loss caused by the particular peril insured against. The law regards such peril as the proximate cause of such expenses and makes it a proper charge under the policy. Peters v. Warren Ins. Co., 14 Peters, 99; Patapsco Ins. Co. v. Coulton, 3 id., 222; The Providence and Stonington S. Co. v, Phœnix Ins. Co., 89 N Y., 559.
This expense, added to the loss caused by the fire, did not exceed the amount stipulated to be paid in the policy, and the defendant was, therefore, chargeable therewith under well settled principles, irrespective of the fact that such expense was really incurred for the benefit of the insurer.
The amount of the verdict was not excessive under the proofs. The court earnestly charged that “ where altogether new work had to be put in, there one-third must be deducted new for old,” and it does not appear that this instruction was disregarded by the jury.
We have examined the other exceptions, but find no error sufficient to warrant the granting of a new trial.
Judgment affirmed, with costs.
Barnard, P. J., and Dykman, J., concur.