JOSEPH H. WILCOX AND WARNER MILLER, RESPONDENTS, v. HARRIET PRATT, APPELLANT.

*Partnership — exclusion of one party from connection with a joint undertaking — equitable relief — receiver — effect of a transfer, by the party excluded, of part of his interest.*

The defendant in this action, owning a large tract of land, entered into a contract with the plaintiff Wilcox with a view to cutting the timber thereon and making sales thereof, by the terms of which the plaintiff was to advance $5,000 and the defendant $20,000, all expenses of cutting, removing and selling the timber, together with all moneys advanced, were to be repaid from the proceeds of sales, and as soon as said sums were paid, together with the further sum of $26,000 and interest to be paid to the defendant, it was agreed that the defendant should convey to the plaintiff an undivided half of the tract of land.

The parties entered upon the execution of the business contemplated by their contract, and carried it on until January, 1888, when the defendant served upon the plaintiff a notice that the copartnership was dissolved and the business would thereafter be carried on by the defendant; and the defendant thereafter excluded the plaintiff from all connection with or control over said property or business. At this time about one-half of the timber growing on the land had been cut off and the remainder was still standing thereon.

In an action, brought by the plaintiff to obtain equitable relief in the premises:

*Held*, that whether the agreement created a partnership or simply a joint enterprise, that a proper case was made for the appointment of a receiver.

That the fact that the plaintiff had transferred a part of his interest to a third party, and had pledged the other part thereof to such party by way of collateral security, did not justify the defendant in excluding the plaintiff from all connection with or control over said property and business.

APPEAL by the defendant from a judgment entered in the Lewis county clerk's office June 12, 1888, upon a decision made at Special Term, held April 26, 1888, in that county.

*Walter Ballou,* for the appellant.

*C. D. Adams,* for the respondents.

HARDIN, P. J.:

Upon the evidence produced before the trial court it is very evident that the case was one for equitable cognizance. (*Whiton* v. *Spring,* 74 N. Y., 169.)

Defendant, owning 15,225 acres of land in the county of Herkimer, entered into a contract with the plaintiff Wilcox for the purpose of cutting the timber thereon and making sales, with a mutual agreement that the respective parties should contribute money and carry forward the contemplated enterprise with the respective sums of money mentioned in the contract. Wilcox was to advance $5,000, and the defendant was to advance $20,000 in money or credit for the purpose of carrying on said business. It was provided in the contract, viz.: "That all expenses incurred in cutting, removing, selling and disposing of such timber, bark and spars and spiles, together with interest on all moneys received as advances, and all indebtedness incurred, connected with or growing out of said business, including all taxes assessed or which may hereafter be assessed thereon, shall be paid in full from the proceeds of such sales; and as soon as said several sums shall be paid in full, together with the sum of $26,000, with interest thereon from the date hereof, from the proceeds of such sales as aforesaid, shall be paid to the said Harriet Pratt, then, and in that case, said Harriet Pratt agrees to convey to Joseph H. Wilcox, by good and sufficient deed, an undivided one-half part of said tract of land."

The plaintiff Wilcox and the defendant entered upon the execution of the business contemplated by their agreement and carried it forward until, in January, 1888, the plaintiff giving "his services and attention to the detail thereof, and it was so conducted and carried on by the parties jointly." On the twelfth of January the defendant served upon Wilcox a notice "that the copartnership heretofore existing between Harriet Pratt and Joseph H. Wilcox has been dissolved, and the business hereafter will be carried on by her."

It is found, as a fact, that the defendant "has had the exclusive possession and control of all the personal property and assets of said firm of Pratt & Wilcox, down to the commencement of this action,

\* \* \* and has excluded the plaintiff from all connection with or control over said partnership property or business, and absolutely refused to allow him to participate in said business or in conducting and carrying on the same in any manner whatever."

It appears that about one-half of the timber growing on the lands at the time the contract was entered into has been cut off, and the remainder is standing thereon. We are of the opinion that the conduct of the defendant warranted the plaintiff in seeking relief from a court of equity, and we think the language used by RUGER, Ch. J., in *King* v. *Barnes* (109 N. Y., 285), is pertinent to the case in hand. He said: " It is entirely immaterial whether this agreement constituted a partnership in a technical legal sense, or whether it was a joint enterprise to be conducted by the parties for their mutual benefit. So far as their rights and liabilities are concerned *in this case*, the result is the same, and rests upon the express terms of the agreement, and they are now to be enforced upon the principles applying to partnership transactions. (*Dyckman* v. *Valiente*, 42 N. Y., 285.)"

We think a proper case was made for the appointment of a receiver, and the proper directions were given to him in the premises. (*Heatherton* v. *Hastings*, 5 Hun, 460.)

In *Hubbell* v. *Buhler* (43 Hun, 84) it was said that where there was an agreement for a joint adventure, " it must necessarily be implied that the understanding was that the partnership, or joint adventure, was not determinable at the will of any one of the partners, but that it was to continue until the single enterprise undertaken should be concluded " That case differs very essentially from the one before us.

We are of the opinion that the transfer by Wilcox of a part of his interest to the plaintiff Miller, and the pledging of the other part thereof to him as collateral security, did not warrant the defendant in excluding the plaintiff Wilcox " from all connection with or control over said partnership property or business," as found in the fourteenth finding of the trial court. In partnership cases a disagreement among partners has often been the occasion for the appointment of a receiver with directions to carry on the business, or to close it out according to the best interests of the parties concerned. (*Marten* v. *Van Schaick*, 4 Paige, 479; *Jackson*

v. *De Forest*, 14 How. Pr., 81; *Smith* v. *N. Y. Consolidated Stage Co.*, 18 Abb., 433.)

We are of the opinion that the facts appearing upon the trial warranted the exercise of the judicial discretion of the court in the direction which it took in awarding the costs of the action to the plaintiffs.

The judgment should be affirmed, with costs.

MARTIN and MERWIN, JJ., concurred.

Judgment affirmed, with costs.