### THORNTON v. BARBER.

(Supreme Court, Appellate Division, Fourth Department. February 6, 1900.)

JUSTICES OF THE PEACE—JURISDICTION—ACCOUNTING BETWEEN PARTNERS.

Since an agreement whereby defendant furnished plaintiff's assignor a tract of land for the purpose of raising an orchard, each party to pay one-half of the expense connected therewith, and to share the profits equally, constitutes a partnership, a justice court has no jurisdiction of an action to recover a share of the profits arising from the enterprise.

Appeal from Livingston county court.

Action by Mary L. N. Thornton against Adaline Barber. From a judgment of the county court reversing a justice's judgment in favor of plaintiff, she appeals. Affirmed.

The action was commenced in December, 1898, in justice's court. The complaint alleged that the defendant and one Clarence B. Thornton engaged "in a joint adventure, which enterprise or agreement was in writing, and signed by the parties." The agreement was made a part of the complaint, and provided, in substance, that the defendant should furnish about seven acres of land in the county of Livingston, for the purpose of raising a peach orchard; "said land to be furnished to the co-partnership to be entered into between the parties of the first and second parts for the above-named purpose, for the period of twenty years from the date of the agreement, or so long as it is used as a peach orchard, without charge for rent in the time." The said Clarence B. Thornton agreed to pay one-half of the expenses connected with the raising of such orchard. It was further provided that when said orchard should produce fruit the profits should be divided equally between the parties, share and share alike. It is alleged that, pursuant to said agreement, the peach orchard was set out; that, when it was sufficiently developed so that it produced fruit, the same was divided in accordance with the terms of the contract, until the year 1895; that in September, 1895, the said Clarence B. Thornton conveyed all his right, title, and interest in and to the agreement to the plaintiff, Mary L. N. Thornton. The complaint further alleges that in the year 1898 the de-

fendant entered upon the orchard, and harvested and sold the entire product of the same, and retained the avails thereof; that the plaintiff demanded one-half of the net profits of the product of such orchard for the year 1898, which was refused. The plaintiff demanded judgment for the one-half of the net profits of said fruit, which was alleged to be the sum of $200. The defendant answered the complaint by alleging that the justic⁻ of the peace had no juris-diction of the parties to said action, or of the subject-matter alleged in the complaint. It was further alleged that the plaintiff's assignor had failed to perform the conditions of said contract to be performed by him, and that he had wholly abandoned said contract and its performance. The defendant also set up a counterclaim to an amount of $150, for moneys paid out and expended in the carrying on and maintenance of the peach orchard, which the plaintiff or her assignor should have paid by the terms of the contract. There is no allegation in the complaint that any agreement had been reached between the parties as to what sum was due to the plaintiff on account of the joint enter-prise, and no allegation that the defendant had promised or agreed to pay any sum whatsoever, independent of the contract above referred to. The proceed-ings before the justice of the peace were in the nature of an accounting, and much evidence was given tending to show the expenditures made by the par-ties to the contract in raising and developing the peach orchard, the value of the product raised prior to the commencement of this action, and the cost of harvesting and caring for the several crops so raised. At the close of the evidence, it was determined by the justice that there was a balance due and owing by the defendant to the plaintiff by reason of all the transactions had under and in pursuance of the contract of the sum of $34.23, and judgment was awarded by the justice in favor of the plaintiff for that amount, together with $9.26 costs, amounting in all to $43.49. From that judgment appeal was taken to the county court, and the judgment of the justice was reversed, and from that judgment of reversal this appeal is taken.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-LIAMS, and LAUGHLIN, JJ.

George W. Harding, for appellant.
Fletcher C. Peck, for respondent.

McLENNAN, J. It is clear that the contract entered into between the defendant and the plaintiff's assignor made them co-partners. The property of the defendant, to wit, her seven acres of land, by the terms of the contract, was combined with the labor and skill of the plaintiff's assignor for their common profit, and the defendant was to pay one-half of the expense of raising and developing the peach orchard, and the other one-half of the expenses was to be paid by the plaintiff's assignor; so that, by the terms of the contract, the defend-ant was to put her land against the labor of the plaintiff's assignor, each was to pay one-half of the expenses, and this was, for their joint profit, to be realized when the orchard should bear fruit. Such an arrangement constituted a partnership, and comes within the recog-nized definitions of that relation. 1 Pars. Cont. p. 147. The justice's court had no jurisdiction of the action. It necessarily and only in-volving an accounting between co-partners, which is cognizable by a court of equity only. See Wilcox v. Pratt, 125 N. Y. 688, 25 N. E. 1091; Id., 52 Hun, 340, 5 N. Y. Supp. 361. The judgment of the county court should be affirmed, with costs. Judgment affirmed, with costs. All concur.