AMOS D. CARVER and Another, Plaintiffs, v. MILLER & HOUGHTON, INC., and Others, Defendants.

Supreme Court, Kings Special Term, November, 1923.

Ships and shipping — owners of shares in a vessel are tenants in common and partners — equity — accounting.

The owners of shares in a vessel are tenants in common of the ship and partners in regard to its earnings and its proceeds. Any owner may sue in equity to have his interest determined and for an accounting.

The defendant, the majority owner of the shares and the managing agent of a vessel, represented to plaintiff that it had an offer of $60,000 for the vessel when in fact it had a customer at $100,000 to whom it sold the vessel at that price. *Held*, that the defendant must account to the plaintiff for the money it received.

ACTION for accounting.

*Paul Bonynge*, for plaintiffs.

*Arthur Lovell*, for defendant Miller & Houghton, Inc.

CROPSEY, J. Notwithstanding the manipulations and transfers of the majority interests in the vessel, the defendant Miller & Houghton, Inc., appears to have been the real owner thereof before plaintiffs agreed to sell their shares. The several owners of shares in a vessel are tenants in common of the ship itself (*Spedden* v. *Koenig*, 78 Fed. Rep. 504, 505) and partners in regard to its earnings and its proceeds. *Merritt* v. *Walsh*, 32 N. Y. 685, 689; *Donnell* v. *Walsh*, 33 id. 43. Any owner may sue in equity to have his interest determined and for an accounting. *Misner* v. *Strong*, 181 N. Y. 163. But on inspection of the question of common ownership, the proof shows that Miller & Houghton, Inc., acted as the agent of the plaintiffs in the transaction in question; that defendant represented to the plaintiffs that it had an offer for the vessel of $60,000. They did not offer to buy out the plaintiffs at that rate. The representation in effect was that defendant had a customer who would pay that price. In fact defendant then had a customer who was willing to pay $100,000 and who did pay that sum to defendant. Defendant concealed this fact from the plaintiffs and thus cheated them. It does not matter whether the bills of sale from the plaintiffs ran to the defendant when they were executed or were then in blank. In either event they were to be used by the defendant only as agent for the plaintiffs. The defendant must account for the money it received. *Whiton* v. *Spring*, 74 N. Y. 169, 174, 175. Judgment for plaintiffs, with costs. Settle findings and judgment on notice.

Judgment accordingly.